IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARL GENE THYMES,

    Plaintiff,

vs.                                                           Civ. No. 16-66 KG/WPL

VERIZON WIRELESS, INC., and
CARLOS RESTREPO,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon *pro se* Plaintiff's Notice of Motion and Motion with Respect to Federal Rule of Civil Procedure 7.6 Oral Argument and supporting memorandum (collectively, Motion for Oral Argument), both filed on February 16, 2016. (Docs. 15 and 16). Plaintiff moves the Court to (1) enter a standing order allowing oral argument on the motions filed in this case; (2) stay the briefing on Defendant Restrepo's Motion to Dismiss Plaintiff's Complaint (Motion to Dismiss) (Doc. 6) until the Court has ruled on Plaintiff's Request for Entry of Default (Doc. 12) and Motion for Default Judgment (Doc. 14); and (3) if the Court denies Plaintiff's default and default judgment motions, to allow Plaintiff to respond to the Motion to Dismiss. Defendants filed a response on March 3, 2016, opposing the Motion for Oral Argument and seeking an award of attorneys' fees and costs incurred in responding to the Motion for Oral Argument. (Doc. 20). On March 4, 2016, Plaintiff filed a reply which also seeks an award of fees and costs. (Doc. 21).

Plaintiff makes his request for a standing order allowing oral argument under D.N.M. LR-Cv 7.6(a). Rule 7.6(a) states that "[a] motion will be decided on the briefs unless the Court sets oral argument." In other words, the practice in this District is to decide motions on the briefs

unless there is a good reason to set the matter for oral argument.  Plaintiff has not provided the Court with a sufficiently good reason to depart from the practice of deciding motions on the briefs and to enter a standing order allowing oral argument on the motions filed in this case.

Plaintiff's request to stay the briefing on the Motion to Dismiss until the Court decides his default and default judgment motions is also unwarranted.  First, the Court had already planned to rule on those motions before ruling on the Motion to Dismiss.  Second, the orderly and expeditious disposition of this case requires that the Court not stay the briefing on the Motion to Dismiss.  *See LaFleur v. Teen Help*, 342 F.3d 1145, 1149 (10th Cir. 2003) ("federal district courts have the inherent power to manage their business 'so as to achieve the orderly and expeditious disposition of cases.'" (citation omitted)).  To dispose of a case in an orderly and expeditious manner, parties must follow the Federal Rules of Civil Procedure and the Local Rules unless the Court orders otherwise.  Consequently, Plaintiff cannot ignore the rules requiring a timely response to the Motion to Dismiss in the hope that the Court will later stay the briefing on the Motion to Dismiss.  In fact, such an action can result in an unfavorable ruling. *See* D.N.M. LR-Cv 7.1(b) ("The failure to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").  Because Plaintiff is proceeding *pro se* and may not be aware of the above principles and law, the Court will permit Plaintiff to file a response to the Motion to Dismiss and provide Defendant Restrepo an opportunity to reply.

Finally, the Court notes that the parties do not cite any legal authority in support of their respective requests for awards of fees and costs.  Even so, the Court does not find good cause, such as bad faith, to award attorneys' fees and costs to Defendants or to award any kind of fees and costs to Plaintiff.  Those requests for fees and costs are, therefore, denied.

IT IS ORDERDED that

1. Plaintiff's Notice of Motion and Motion with Respect to Federal Rule of Civil Procedure 7.6 Oral Argument (Docs. 15) is granted in part;

2. Plaintiff's request that the Court enter a standing order to allow oral argument on motions is denied;

3. Plaintiff's request to stay briefing on the Motion to Dismiss is denied;

4. Plaintiff may file a response to the Motion to Dismiss no later than fourteen days from the receipt of this Memorandum Opinion and Order; and Defendant Restrepo may file a reply fourteen days after receipt of the response;

5. Defendants' request for an award of attorneys' fees and costs is denied; and

6. Plaintiff's request for an award of fees and costs is denied.

_____
UNITED STATES DISTRICT JUDGE