IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARL GENE THYMES,

    Plaintiff,

vs.                                                                                                     Civ. No. 16-66 KG/WPL

VERIZON WIRELESS, INC., and
CARLOS RESTREPO,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon *pro se* Plaintiff's Request for Entry of Default, filed on February 3, 2016, and his Motion for Default Judgment, filed on February 8, 2016. (Docs. 12 and 14). Defendants oppose both motions and seek an award of attorney's fees and costs. (Docs. 17 and 19). Plaintiff filed a reply. (Doc. 18). Having reviewed the Request for Entry of Default, the Motion for Default Judgment, and the accompanying briefing, the Court denies (1) the Request for Entry of Default, (2) the Motion for Default Judgment, and (3) Defendants' request for an award of attorney's fees and costs.

A.  *Procedural Background*

Plaintiff filed his complaint in state court on December 29, 2015, and served the complaint and summons on Defendants on December 31, 2015. (Doc. 1) at ¶ 3; (Doc. 1-2). Rather than answer the complaint within 30 days of being served, as required by state law, Defendants removed the lawsuit to federal court on January 29, 2016, just before the 30-day period expired. *See* NMRA, Rule 1-012(A) (2015 ed.); (Doc. 1). Defendant Verizon Wireless, Inc. subsequently answered the complaint on February 5, 2016, and Defendant Carlos Restrepo

filed a Fed. R. Civ. P. 12(b)(6) and 12(b)(1) motion to dismiss on the same date.  (Docs. 5 and 6).

*B. Discussion*

    *1. Plaintiff's Request for an Entry of Default and Default Judgment*

Plaintiff argues that the Clerk of the Court (Clerk) should enter a default against Defendants and that the Court should enter a default judgment against those Defendants, because Defendants did not answer the complaint within 21 days of the service of the complaint and summons as required by Fed. R. Civ. P. 12(a)(1)(A)(i).  Plaintiff's request for an entry of default and default judgment fails, however, for two reasons.

First, the Court cannot enter a default judgment until the Clerk first enters a default.  *See, e.g., Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007) (Clerk's entry of default a "prerequisite for the entry of a default judgment under Rule 55(b)(1)); *Rowley v. Morant*, 276 F.R.D. 669, 670 (D.N.M. 2011) ("clear weight of authority holds that a party *must* seek entry of default by the clerk before it can move the court for default judgment.").  Although Plaintiff seeks an entry of default by the Clerk, the Clerk has not entered any default.  Hence, the Court cannot entertain Plaintiff's Motion for Default Judgment.

Second, when this case was in state court, the federal court's 21-day rule did not apply.  Instead, the state rule applied that requires an answer be filed within 30 days of service of the complaint and summons.  Defendants did not violate the state 30-day rule because they removed the case to federal court prior to the expiration of the 30-day period.  Once Defendants removed the case to federal court, the Federal Rules of Civil Procedure governed and the state 30-day rule ceased to apply.  *See Baumeister v. New Mexico Comm'n for the Blind*, 409 F. Supp. 2d 1351, 1352 (D.N.M. 2006) ("The Federal Rules of Civil Procedure apply to removed cases after the

date of removal." (citing Fed. R. Civ. P. 81(c)). Under the Federal Rules of Civil Procedure, if a defendant does not answer the complaint before removal, as in this case, the defendant "must answer or present other defenses or objections" within "7 days after the notice of removal is filed." Fed. R. Civ. P. 81(c)(2)(C). Here, Defendants filed either an answer or motion to dismiss within seven days of removing the case from state court. Defendants have, therefore, complied with the federal rule concerning answering or responding to a complaint after removal. Consequently, Plaintiff lacks a basis for his requests that the Clerk enter a default and that the Court enter a default judgment.

*2. Defendants' Request for an Award of Attorney's Fees and Costs*

The Court notes that Defendants do not cite any legal authority in support of their request for an award of attorney's fees and costs. Even so, the Court does not find good cause, such as bad faith, to award attorneys' fees and costs to Defendants. The Court, therefore, denies Defendants' request for an award of attorney's fees and costs.

IT IS ORDERED that

1. Plaintiff's Request for Entry of Default (Doc. 12) and his Motion for Default Judgment (Doc. 14) are both denied; and

2. Defendants' request for an award of attorney's fees and costs is denied.

_____
UNITED STATES DISTRICT JUDGE