IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARL GENE THYMES,

    Plaintiff,

vs.                                                       Civ. No. 16-66 KG/WPL

VERIZON WIRELESS, INC., and
CARLOS RESTREPO,

    Defendants.

MEMORANDUM OPINION AND ORDER

       This matter comes before the Court upon Defendant Restrepo's Motion to Dismiss Plaintiffs' Complaint, and memorandum in support (collectively, Motion to Dismiss), both filed February 5, 2016.  (Docs. 6 and 7).  Defendant Restrepo seeks to dismiss *pro se* Plaintiff's complaint against him, with prejudice, under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction over the Title VII claims, and under Fed. R. Civ. P. 12(b)(6) for failure to state plausible Title VII and slander claims.  Plaintiff filed responses on June 10, 2016, and Defendant Carlos Restrepo filed a reply on June 24, 2016.[1]  (Docs. 32, 33, and 36).  Defendant Restrepo and Plaintiff each seek an award of attorney's fees and costs should they prevail on this Motion to Dismiss.  Having considered the Motion to Dismiss and the accompanying briefing, the Court grants the Motion to Dismiss, in part, in that Plaintiff's claims against Defendant Restrepo are dismissed with prejudice, but Defendant Restrepo's request for an award of attorney's fees and costs is denied.

---

[1] On June 8, 2016, the Court allowed Plaintiff fourteen days to respond to the Motion to Dismiss, and allowed Defendant Restrepo fourteen days after the receipt of the response to file a reply. (Doc. 30) at 3.

*A. Background*

Plaintiff filed this employment lawsuit in state court against his employer, Defendant Verizon Wireless, Inc. (Verizon),[2] and against Defendant Restrepo, a Verizon Director of Customer Service, in his personal capacity.  Plaintiff alleges racial discrimination, harassment, and retaliation against Defendants under Title VII.  He also alleges that Defendants slandered him.  These allegations arise from Defendants' failure to promote Plaintiff to the position of Permanent Supervisor.  Defendants subsequently removed the lawsuit to federal court on the basis of federal question jurisdiction.  (Doc. 3) at 4.

Plaintiff's Equal Employment Opportunity Commission (EEOC) Intake Questionnaire identifies Defendant Restrepo as an individual responsible for discriminatory conduct against Plaintiff.  (Doc. 32) at 5.  Plaintiff details how Defendant Restrepo, in interviewing Plaintiff, told Plaintiff that Plaintiff was "picking" on him by complementing him on his hard work.  *Id.*

Plaintiff's EEOC Charge of Discrimination only names Verizon as the respondent.  (Doc. 36-1).  Plaintiff, however, states in the Charge of Discrimination that, after each of three interviews for the position of Permanent Supervisor, Defendant Restrepo informed Plaintiff that he was not qualified for the position despite his awards for his supervisory work and the fact that Plaintiff trained supervisor candidates who were promoted to supervisory positions.  *Id.*

*B. Discussion*

   *1. The Title VII Claims*

When confronted with both Rule 12(b)(1) and Rule 12(b)(6) motions, the Court must first determine whether it has subject matter jurisdiction before addressing the merits of the case under a Rule 12(b)(6) analysis.  *Bell v. Hood*, 327 U.S. 678, 682 (1946) ("Whether the complaint

---

[2] Apparently, the correct name for Verizon is "Cellco Partnership d/b/a Verizon Wireless." (Doc. 7) at 1.

states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy."). *See also State v. Nat'l Indian Gaming Comm'n*, 151 F. Supp. 3d 1199, 1208 (D. Kan. 2015) (quoting *Bell*, 327 U.S. at 682).  Accordingly, the Court first addresses Defendant Restrepo's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

Defendant Restrepo contends that the Court lacks subject matter jurisdiction over the Title VII claims brought against him, because Plaintiff failed to exhaust administrative remedies with respect to him.  Specifically, Defendant Restrepo contends that Plaintiff failed to name him as a respondent in the EEOC Charge of Discrimination.  Plaintiff, on the other hand, seems to suggest that his mention of Defendant Restrepo in the EEOC Intake Questionnaire constitutes exhaustion of administrative remedies. [3]

The Court recognizes that "complaints to the EEOC must be liberally construed in order to accomplish the purposes of the Act, since such complaints are written by laymen not versed either in the technicalities of pleading or the jurisdictional requirements of the Act." *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980).  Even so, it is well-established that "[t]he filing of a timely charge of discrimination with the EEOC is a jurisdictional prerequisite to the institution of a lawsuit." *Id.*  An EEOC questionnaire, standing alone, however, does not constitute a charge of discrimination.  *Semsroth v. City of Wichita*, 304 F. App'x 707, 713 (10th Cir. 2008) ("questionnaires cannot reasonably be construed as 'a request for the agency to take remedial action' because they relate only factual information about the [plaintiff's] allegations of

---

[3] Plaintiff also seems to suggest that jurisdiction could be based on diversity of citizenship by citing 28 U.S.C. § 1331.  *See* (Doc. 33) at 3.  Plaintiff, however, fails to provide any factual allegations to support diversity jurisdiction.  The Court further notes that Plaintiff initially filed this lawsuit in state court, thereby invoking state jurisdiction, not federal jurisdiction, and that Defendants removed the case to federal court on the basis of federal question jurisdiction.

discrimination and make no requests of the agency."). Consequently, Plaintiff's EEOC Intake Questionnaire cannot establish a jurisdictional basis for the Title VII claims against Defendant Restrepo.

Title VII allows a plaintiff to bring a civil action only against the respondent that he or she named in the EEOC charge, and only after administrative remedies have been exhausted. *Romero*, 615 F.2d at 1311 (citing 42 U.S.C. § 2000e–5(f)(1)). Nonetheless, there are narrow exceptions to the rule requiring that a plaintiff name a defendant as a respondent in an EEOC charge. Four factors are pertinent to determining whether the omission of a defendant's name in a charge requires dismissal of a Title VII claim:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 1312 (quoting *Glus v. G.C. Murphy Co.,* 562 F.2d 880, 888 (3d Cir.1977)). Additional relevant factors may also be evaluated. *Id.*

As to the first *Romero* factor, there is no reason to believe that Plaintiff, through reasonable efforts, could not have ascertained at the time of the filing of the EEOC Charge of Discrimination the role Defendant Restrepo played in any alleged Title VII violation. With respect to the second *Romero* factor, Defendant Restrepo's interest, in his personal capacity, in the EEOC charge does not necessarily coincide with Verizon's corporate interest in that charge. In fact, "[u]nder long-standing circuit precedent, supervisors and other employees may not be held personally liable under Title VII." *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1083 n.1 (10th Cir. 2007). Hence, Defendant Restrepo's interest and Verizon's interest are not

4

so similar that it would have been unnecessary to include Defendant Restrepo in any voluntary conciliation. Regarding the third *Romero* factor, as a supervisor not subject to personal liability under Title VII, Defendant Restrepo would have no reason to suspect from the face of the EEOC Charge of Discrimination that Plaintiff would sue him personally. Omitting Defendant Restrepo's name as respondent in the EEOC charge, thus, constitutes prejudicial surprise. Finally, with respect to the last *Romero* factor, Defendant Restrepo has not indicated that he in some way represented to Plaintiff that his relationship with Plaintiff was to be through Verizon only. In considering these *Romero* factors as a whole, the Court concludes that Plaintiff failed to exhaust administrative remedies as to Defendant Restrepo and that this Court, therefore, lacks subject matter jurisdiction over the Title VII claims brought against him. Hence, the Court will dismiss those Title VII claims with prejudice. *See Persik v. Colorado State Univ.*, 60 F. App'x 209, 212 (10th Cir. 2003) (affirmed dismissal with prejudice where consideration of *Romero* factors revealed no reason to excuse plaintiff from naming defendant in EEOC charge).

In light of this conclusion, the Court need not address whether the Title VII claims against Defendant Restrepo are subject to dismissal for failure to state a plausible claim under Rule 12(b)(6). Nevertheless, the Court determines that, because of Defendant Restrepo's supervisory role, Plaintiff cannot, as a legal matter, bring the Title VII claims against Defendant Restrepo, personally. These Title VII claims are, thus, also subject to dismissal with prejudice under Rule 12(b)(6).

*2. The Slander Claim*

Defendant Restrepo and the Court assume that Plaintiff brings the slander claim under New Mexico state law. Defendant Restrepo moves to dismiss this state law claim under Rule 12(b)(6) for failure to state a plausible claim. Rule 12(b)(6) requires that a complaint set forth

the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim of relief. *Id*. at 570.

New Mexico has abolished "slander" as a cause of action and now recognizes "defamation." UJI 13-1002 NMRA 1998 (2016 ed.), Committee Commentary. Defamation is defined as a "wrongful injury to a person's reputation." *Smith v. Durden*, 2012-NMSC-010, ¶ 29, 276 P.3d 943, 950 (N.M. 2012) (citing UJI 13-1002). Under New Mexico law, the elements of defamation include (1) a publication by the defendant (2) of an asserted fact (3) which is defamatory, (4) communicated to a third person, (5) of and concerning the plaintiff, (6) and proximately causing injury to the plaintiff. *See Newberry v. Allied Stores*, 1989-NMSC-024, ¶ 16, 108 N.M. 424 (1989); UJI 13-1002(B) (setting forth elements comprising *prima facie* case of defamation).

In reviewing Plaintiff's complaint, the Court finds that Plaintiff does not allege any facts which would support a plausible claim of defamation against Defendant Restrepo. Moreover, Plaintiff did not respond to Defendant Restrepo's argument that the defamation claim is subject to a Rule 12(b)(6) dismissal. Under Local Rule 7.1(b), Plaintiff's failure to oppose Defendant Restrepo's Rule 12(b)(6) motion to dismiss the defamation claim "constitutes consent to grant the motion." Indeed, courts have deemed a "plaintiff's failure to respond to an argument raised in defendants' papers tantamount to an express abandonment of any such claim." *Palmer v. Unified Gov't of Wyandotte Cty./Kansas City, Kansas*, 72 F. Supp. 2d 1237, 1250-51 (D. Kan. 1999). Finally, the Court is simply not obligated to "make a party's case for it." *Adler v. Wal-*

*Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998).  For these reasons, the Court will dismiss the defamation claim against Defendant Restrepo with prejudice.

    *3.  Defendant Restrepo's Request for an Award of Attorney's Fees and Costs*

Although Defendant Restrepo prevails on his Motion to Dismiss, he does not cite any legal authority to support a request for an award of attorney's fees and costs, nor does he provide any factual support for that request.  *See* D.N.M. LR-Cv 7.3 (motion must cite legal authority and evidence in support of factual allegations).  The Court, therefore, denies Defendant Restrepo's present request for an award of attorney's fees and costs.

    IT IS ORDERED that

    1.  Defendant Restrepo's Motion to Dismiss Plaintiffs' Complaint (Doc. 6) is granted;

    2.  Plaintiff's claims against Defendant Restrepo will be dismissed with prejudice; and

    3.  Defendant Restrepo's present request for an award of attorney's fees and costs is denied.

                                                     _____
                                                     UNITED STATES DISTRICT JUDGE