IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARL GENE THYMES,

    Plaintiff,

vs.                                                                                                    Civ. No. 16-66 KG/WPL

VERIZON WIRELESS, INC.,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on *pro se* Plaintiff's "Motion for Reconsideration of Denial of TRO [and] Memorandum of Points and Authorities (Doc 25, 26)" (Motion for Reconsideration), filed May 23, 2016. (Doc. 27). Plaintiff asks the Court to reconsider its May 17, 2016, Order Denying Motion for Temporary Restraining Order and Preliminary Injunction (Order) (Doc. 26), and to issue a temporary restraining order (TRO). Plaintiff also asks for oral argument on the Motion for Reconsideration. Defendant filed a response on June 9, 2016, and Plaintiff filed a reply on June 13, 2016. (Docs. 31 and 35). The parties both seek an award of attorney's fees and costs should they prevail. Having considered the Motion for Reconsideration, the Order, and the accompanying briefing, the Court (1) denies the Motion for Reconsideration without oral argument, (2) again allows Plaintiff to file a motion for TRO as provided under the Local Rules and the Federal Rules of Civil Procedure, and (3) denies Defendant's request for an award of attorney's fees and costs.

*A. Background*

On May 6, 2016, Plaintiff filed an Ex Parte Motion to Stop Civil Harassment at Work and Work Place Conspiracy (Motion for TRO). (Doc. 25). The Court subsequently found no

grounds for Plaintiff to have filed that motion *ex parte*. (Doc. 26). Consequently, the Court dismissed the Motion for TRO "without prejudice to refiling and full briefing as provided under the local rules and Federal Rules of Civil Procedure." *Id.* Instead of refiling the Motion for TRO, Plaintiff filed this Motion for Reconsideration under Fed. R. Civ. 59(e) and 60(b).[1] Plaintiff asks that the Court reconsider its denial of the Motion for TRO.

B. Discussion

    *1. Request for Oral Argument*

Local Rule 7.6(a) states that "[a] motion will be decided on the briefs unless the Court sets oral argument." In other words, the practice in this District is to decide motions on the briefs, unless good reason exists to set the matter for oral argument. Plaintiff has not provided the Court with a sufficiently good reason to depart from the practice of deciding motions on the briefs and to allow oral argument on the Motion for Reconsideration. The Court, therefore, denies Plaintiff's request for oral argument.

    *2. Reconsideration of the Order*

        *a. Rule 59(e)*

Rule 59(e) states, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." A Rule 59(e) movant carries the burden of demonstrating that the Court should alter or amend a judgment. *See, e.g., Winchester v. Wilkinson,* 2015 WL 2412175, at *2 (E.D. Okla.). The Order, in this case, however, is not a "judgment" and so Rule 59(e) does not apply. Even if Rule 59(e) applies, Rule 59(e) relief is appropriate only where there is (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Servants of the*

---

[1] Plaintiff's Motion for Reconsideration refers to Rule 59(e) and his reply refers to Rule 60(b).

*Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Plaintiff has not provided the Court with either new controlling law or new evidence not available previously.

The Tenth Circuit has defined "clear error" as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001).  Although the Tenth Circuit has not specifically defined "manifest injustice" in the Rule 59(e) context, other courts have defined manifest injustice as "more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law." *Smith v. Lynch*, 2015 WL 4324167, *3 (D.D.C.).  *See also In re Green Goblin, Inc.*, 2012 WL 1971143, *1 (Bankr. E.D. Pa. May 31, 2012) (quoting *In re Roemmele,* 466 B.R. 706 (Bankr. E.D. Pa. 2012)) ("In order for a court to reconsider a decision due to 'manifest injustice,' the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it.").  Here, Plaintiff has not convinced the Court that the Order is either arbitrary, capricious, whimsical, or manifestly unreasonable since the purpose of the Order was to allow for full briefing, including by Defendant, on the Motion for TRO.  Moreover, Plaintiff fails to demonstrate that the Order is fundamentally unfair.  The Court, after all, denied the Motion for TRO *without* prejudice and allowed Plaintiff to refile the Motion for TRO.  Mere disagreement with the Order is an insufficient basis to grant a motion to reconsider.  *See Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 516-17 (D.N.J. 2014).  Plaintiff has failed to demonstrate that the Order was clearly erroneous or would result in manifest injustice.  In sum, if Rule 59(e) applied to the Order, Plaintiff has not carried his burden of showing that a Rule 59(e) motion to reconsider is justified under the circumstances.

      *b. Rule 60(b)*

Rule 60(b) allows for relief "from a final judgment, order, or proceeding" based on "mistake, inadvertence, surprise, or excusable neglect;" "newly discovered evidence;" fraud; a void or ineffective judgment; or for "any other reason that justifies relief." Like Rule 59(e), the movant bears the burden to establish Rule 60(b) relief. *Dronsejko v. Thornton*, 632 F.3d 658, 672 (10th Cir. 2011). The Tenth Circuit has also made clear that Rule 60(b) only applies "to final orders and judgments" which adjudicate all the rights and liabilities of all of the parties. *Raytheon Constructors, Inc. v. ASARCO, Inc.,* 368 F.3d 1214, 1217 (10th Cir. 2003). That is not the case with the Order. Even if Rule 60(b)(6) applies to the Order, Plaintiff would have to "show extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005) (internal quotation marks omitted). Plaintiff has not carried his burden of showing that any of the bases enumerated under Rule 60(b) for relief are present here, let alone that "extraordinary circumstances" exist to overturn the Order, which merely allows Plaintiff to refile his Motion for TRO. Consequently, the Court denies any request for reconsideration under Rule 60(b).

      *3. Defendant's Request for an Award of Attorney's Fees and Costs*

Again, Defendant does not cite to any legal authority in support of its request for an award of attorney's fees and costs. Even so, the Court does not find good cause, such a bad faith by Plaintiff, to justify an award of attorney's fees and costs. The Court, therefore, denies Defendant's request for attorney's fees and costs.

*C. Conclusion*

Although the Court denies the Motion for Reconsideration, Plaintiff may file a second Motion for TRO along with any supporting documentation, including medical reports[2] and affidavits, provided he does so in accordance with the Local Rules and the Federal Rules of Civil Procedure. Also, in accordance with the Local Rules and the Federal Rules of Civil Procedure, Defendant will be able to respond to a second Motion for TRO and Plaintiff may file a reply as well.

IT IS ORDERED that

1. Plaintiff's request for oral argument is denied;

2. Plaintiff's "Motion for Reconsideration of Denial of TRO [and] Memorandum of Points and Authorities (Doc 25, 26)" (Doc. 27) is denied;

3. in accordance with the Local Rules and the Federal Rules of Civil Procedure, Plaintiff may file a second Motion for TRO which will be subject to full briefing; and

4. Defendant's request for an award of attorney's fees and costs is denied.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff mentions medical issues as a reason for seeking a TRO. (Doc. 27) at 2.