IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARL GENE THYMES,

    Plaintiff,

vs.                                                       Civ. No. 16-66 KG/WPL

VERIZON WIRELESS, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon *pro se* Plaintiff's "Motion for Recusal of Trial Judge for Failure to Address Plaintiff Need for Hearing on the Record when Malfeasance of the Defendants are Alleged" (Motion for Recusal), filed on October 26, 2016. (Doc. 58). Plaintiff brings his motion pursuant to 28 U.S.C. § 455(a). Defendant filed a response on November 10, 2016, and Plaintiff filed a reply on November 14, 2016. (Docs. 61 and 62). Both Defendant and Plaintiff, respectively, seek an award of attorney's fees and costs should they prevail on the Motion for Recusal. Having reviewed the Motion for Recusal and the accompanying briefing, the Court denies the Motion for Recusal and denies Defendant's request for an award of attorney's fees and costs.

Plaintiff moves to recuse me from this case, because I have not held hearings on the motions filed in this matter. Plaintiff believes that holding hearings is imperative to prevent Defendant from tampering with the Court's rulings and orders, and to avoid the appearance of partiality. Defendant argues that Plaintiff has not demonstrated that a recusal would be appropriate.

Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The Tenth Circuit has held that the question in a Section 455(a) motion is whether "sufficient factual grounds exist to cause a reasonable, objective person, knowing all the relevant facts, to question the judge's impartiality." *United States v. Pearson*, 203 F.3d 1243, 1277 (10th Cir. 2000).  The Court, however, need not accept the movant's factual allegations as true and "[a] judge should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).  Moreover, adverse rulings as well as "[a] judge's ordinary efforts at courtroom administration" do not provide grounds for recusal.  *Webb v. Caldwell*, 2016 WL 6211802, at *2 (10th Cir.) (citing *Hinman*, 831 F.2d at 938-39); *Hall v. Doering*, 185 F.R.D. 639, 642 (D. Kan. 1999).  On the other hand, "what matters is not the reality of bias or prejudice but its appearance." *Pearson*, 203 F.3d at 1277 (citation omitted).  Finally, the movant has "a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Pope v. Fed. Express Corp.,* 974 F.2d 982, 985 (8th Cir.1992) (citation omitted).

Here, Plaintiff questions the Court's adverse rulings believing, without factual support, that Defendant tampered with those rulings to go against Plaintiff.  The Court does not accept as true Plaintiff's speculative assertion that Defendant tampered with the Court's rulings.  Plaintiff is free to check the official court docket sheet to verify any court rulings as authentic.  Plaintiff's disagreement with the adverse rulings cannot support his request for recusal.

Moreover, the Local Rules provide that "[a] motion will be decided on the briefs unless the Court sets oral argument."  D.N.M. LR-Cv 7.6(a).  Put another way, the Court usually decides motions on the briefs unless there is good cause to set an oral argument.  In this case, the

Court has not yet found good cause to deviate from the usual practice of deciding motions on the briefs. This administrative decision, likewise, cannot support a request for recusal.

For the foregoing reasons, a reasonable, well-informed, and objective observer would not find a factual basis to question my partiality in not holding hearings on motions filed in this case. Plaintiff has, therefore, failed to carry his heavy burden of showing that a recusal under Section 455(a) is appropriate. Consequently, I deny the Motion for Recusal.

Although Defendant is successful in opposing the Motion for Recusal, it does not cite any legal authority to support a request for an award of attorney's fees and costs, nor does it provide any factual support for that request. *See* D.N.M. LR-Cv 7.3 (motion must cite legal authority and evidence in support of factual allegations). The Court, thus, denies Defendant's request for an award of attorney's fees and costs.

IT IS ORDERED that

1. the "Motion for Recusal of Trial Judge for Failure to Address Plaintiff Need for Hearing on the Record when Malfeasance of the Defendants are Alleged" (Doc. 58) is denied; and

2. Defendant's request for an award of attorney's fees and costs is denied.

_____
UNITED STATES DISTRICT JUDGE