IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARL GENE THYMES,

    Plaintiff,

vs.                                                     Civ. No. 16-66 KG/WPL

VERIZON WIRELESS, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon *pro se* Plaintiff's Motion for Leave to File First Amended) [sic] Complaint (Motion to Amend), filed on November 14, 2016. (Doc. 63). Defendant filed a response on November 28, 2016, and Plaintiff filed a reply on December 2, 2016. (Docs. 68 and 70). Both Defendant and Plaintiff, respectively, seek an award of attorney's fees and costs should they prevail on the Motion to Amend. Having reviewed the Motion to Amend and the accompanying briefing, the Court denies the Motion to Amend and denies Defendant's request for an award of attorney's fees and costs.

The deadline for amending the complaint was October 26, 2016. (Doc. 47). That deadline having passed, Plaintiff now files this Motion to Amend pursuant to Fed. R. Civ. P. 15(a) to obtain the Court's permission to file an amended complaint. Plaintiff seeks to amend the complaint to add claims that Defendant violated Title VII when it failed to promote him to one of two supervisor positions at the end of October 2016 and early November 2016, respectively.[1] Defendant argues that the Court should deny the Motion to Amend on the basis of

---

[1] Plaintiff speculates that Defendant waited until late October to post these supervisor positions to thwart his ability to file an amended complaint as a matter of course prior to the amendment deadline of October 26, 2016. The Court will not consider such unfounded speculation.

futility because Plaintiff has not exhausted his administrative remedies with regard to the October 2016 and November 2016 failure to promote claims.

Under Rule 15(a)(2), "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Rule 15(a)(2) explicitly states that "[t]he court should freely give leave when justice so requires." The purpose of Rule 15(a)(2) is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). In *Foman v. Davis,* the United States Supreme Court analyzed Rule 15(a)(2), stating that "futility of amendment" is a basis for not freely giving leave to amend. 371 U.S. 178, 182 (1962) (quoting Rule 15(a)(2)). A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion to dismiss. *Gohier v. Enright,* 186 F.3d 1216, 1218 (10th Cir. 1999).

Plaintiff cites four United States Supreme Court cases to argue that his proposed Title VII claims would survive a motion to dismiss for failure to exhaust administrative remedies. Those cases, unfortunately, are not relevant to the issue of exhaustion of administrative remedies raised in this instance. In *Love v. Pullman Co.*, the United States Supreme Court held that an employee could informally file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) prior to exhausting the state remedy when the EEOC orally referred the charge to the state agency, and the EEOC formally filed the charge after the state agency indicated that it would not take action on the charge. 404 U.S. 522, 523–27 (1972). In a class action context, the United States Supreme Court in *Albemarle Paper Co. v. Moody* observed that a class may be awarded back pay under Title VII without unnamed class members having exhausted administrative remedies. 422 U.S. 405, 414 n. 8 (1975). In *Franks v. Bowman*

*Transp. Co.*, the United States Supreme Court addressed the issue of "whether an award of seniority relief is appropriate under the remedial provisions of Title VII…." 424 U.S. 747, 762 (1976). Finally, in *Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO, Local 790 v. Robbins & Myers, Inc.*, the United States Supreme Court discussed the impact of grievance procedures and a new statutory limitations period on filing timely charges with the EEOC. 429 U.S. 229, 231 (1976).

It is well-established that under Title VII, "exhaustion of administrative remedies is a jurisdictional prerequisite to suit" and that an employee must exhaust administrative remedies for each discrete act of alleged discrimination. *Chavez-Acosta v. Sw. Cheese Co., LLC*, 610 F. App'x 722, 728 (10th Cir. 2015) (citing *Jones v. Runyon,* 91 F.3d 1398, 1399 (10th Cir.1996)); *Green v. Donahoe,* 760 F.3d 1135, 1140 (10th Cir. 2014), *vacated and remanded on other grounds by* 136 S.Ct. 1769 (2016) (brackets and internal quotation marks omitted). A discrete act of discrimination includes, as in this case, a failure to promote. *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003). Applying this law to the Motion to Amend, it is clear that Plaintiff has not exhausted his administrative remedies with respect to the October 2016 and November 2016 failure to promote claims. The Court, therefore, lacks jurisdiction over those claims and those claims would be subject to dismissal. Accordingly, it would be futile to allow Plaintiff to amend his complaint to add the October 2016 and November 2016 failure to promote claims. The Court, thus, will deny the Motion to Dismiss on futility grounds.

Although Defendant is successful in opposing the Motion to Amend, it does not cite any legal authority to support a request for an award of attorney's fees and costs, nor does it provide any factual support for that request. *See* D.N.M. LR-Cv 7.3 (motion must cite legal authority

and evidence in support of factual allegations). Accordingly, the Court denies Defendant's request for an award of attorney's fees and costs.

    IT IS ORDERED that

    1. the Motion for Leave to File First Amended) [sic] Complaint (Doc. 63) is denied; and

    2. Defendant's request for an award of attorney's fees and costs is denied.

_____
UNITED STATES DISTRICT JUDGE