IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARL GENE THYMES,

    Plaintiff,

vs.                                                          Civ. No. 16-66 KG/WPL

VERIZON WIRELESS, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant's Motion to Strike Plaintiff's Supplemental Motion (Motion to Strike), filed December 8, 2016. (Doc. 71). *Pro se* Plaintiff filed a response on December 15, 2016, and Defendant filed a reply on December 23, 2016. (Docs. 75 and 78). Defendant and Plaintiff each seek an award of attorney's fees and costs should they prevail on the Motion to Strike. Having reviewed and considered the Motion to Strike, the Court grants the Motion to Strike, but denies Defendant's request for an award of attorney's fees and costs.

*A. Background*

On September 28, 2016, the Court granted Defendant Restrepo's Motion to Dismiss Plaintiff's Complaint (Doc. 6). (Doc. 49). In doing so, the Court concluded, among other things, that the Court lacked subject matter jurisdiction over the Title VII claims brought against Defendant Restrepo and that Plaintiff failed to state a plausible Title VII claim against Defendant Restrepo, personally, because of his supervisory role. *Id.* at 5. In coming to these conclusions, the Court considered an Equal Employment Opportunity Commission (EEOC) Intake Questionnaire (Doc. 32) at 4-6, file stamped by the EEOC on May 18, 2015, and an EEOC

Charge of Discrimination (Doc. 36-1), file stamped by the EEOC on May 22, 2015. (Doc. 49) at 2-5.

On October 3, 2016, Plaintiff filed a motion to reconsider the Court's dismissal of the claims against Defendant Restrepo. (Doc. 52). Defendant filed a response to the motion to reconsider on October 19, 2016, and Plaintiff filed a reply on October 26, 2016. (Docs. 56 and 57). Then, on November 22, 2016, Plaintiff filed a redacted document titled "Plaintiff Supplements his Motion for Reconsideration of Dismissal of Carlos Restrepo with Prejudice and Possible Corruption of Ruling Delivered without Ever Appearing on the Record Doc. 49, 50, 51" (Supplement). (Doc. 66). In that document, Plaintiff supplements the motion to reconsider with copies of the original EEOC Intake Questionnaire, file stamped by the EEOC on May 18, 2015, and the EEOC Charge of Discrimination, file stamped by the EEOC on May 22, 2015. *Id.* at 3-6. Defendant now moves to strike the Supplement as "redundant, immaterial, impertinent, or scandalous matter" under Fed. R. Civ. P. 12(f) or as an impermissible surreply under Local Rule 7.4(b).

B. Discussion

    1. *Rule 12(f)*

Rule 12(f) provides that a "court may strike from a pleading … redundant, immaterial, impertinent, or scandalous matter." Pleadings, however, do not include briefs or supplements. Fed. R. Civ. P. 7(a) (pleadings defined as complaints, third-party complaints, answers, and replies to answers); *Searcy v. Soc. Sec. Admin.*, 1992 WL 43490 *2 (10th Cir.) (holding that motions and memoranda are not pleadings under Rule 7(a)). Rule 12(f), therefore, does not apply to Plaintiff's Supplement.

*2. Local Rule 7.4(b)*

Local Rule 7.4(b) provides that "[t]he filing of a surreply requires leave of the Court." If one construes the Supplement as a surreply, Plaintiff clearly did not seek leave of the Court to file the Supplement. The Court has discretion to strike briefs that do not comply with local rules. *In re Hopkins*, 1998 WL 704710 *3 n. 6 (10th Cir.) (acknowledging court's discretion to strike briefs not in compliance with local rules). Moreover, *pro se* litigants are not excused from complying with local rules. *Id.* (noting that *pro se* litigants must comply with local rules) (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)). If the Court construes the Supplement as a surreply, the Court exercises it discretion to strike the Supplement for not complying with Local Rule 7.4(b).

*3. The Court's Inherent Power to Strike Submissions*

Even if the Court does not construe the Supplement as a surreply, the Court, nonetheless, exercises its inherent power to strike the Supplement as unnecessarily duplicative. *See Kitson v. Bank of Edwardsville*, 240 F.R.D. 610, 611 (S.D. Ill. 2006) (holding that court has inherent power to strike party's submissions other than pleadings). *See also Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) (court "has inherent authority to regulate the conduct of attorneys [or parties] who appear before it….") (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991)). The Court notes that the Supplement simply provides documentation which the Court already had before it and considered in granting Defendant Restreppo's motion to dismiss. The Court, therefore, grants the Motion to Strike for this reason as well.

*4. Defendant's Request for an Award of Attorney's Fees and Costs*

Although Defendant prevailed on the Motion to Strike, it does not cite any legal authority to support a request for an award of attorney's fees and costs, nor does it provide any factual

support for that request. *See* D.N.M. LR-Cv 7.3 (motion must cite legal authority and evidence in support of factual allegations). The Court, thus, denies Defendant's request for an award of attorney's fees and costs.

IT IS ORDERED that

1. Defendant's Motion to Strike Plaintiff's Supplemental Motion (Doc. 71) is granted;

2. "Plaintiff Supplements his Motion for Reconsideration of Dismissal of Carlos Restrepo with Prejudice and Possible Corruption of Ruling Delivered without Ever Appearing on the Record Doc. 49, 50, 51" (Doc. 66) is stricken; and

3. Defendant's request for an award of attorney's fees and costs is denied.

_____
UNITED STATES DISTRICT JUDGE