IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARL GENE THYMES,

    Plaintiff,

vs.	Civ. No. 16-66 KG/WPL

VERIZON WIRELESS, INC.,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter comes before the Court upon *pro se* Plaintiff's "Notice of Motion and Motion for Reconsideration of Dismissal of Carlos Restrepo with Prejudice and Possible Corruption of Ruling Delivered without Ever Appearing on the Record Doc 49, 50, 51" (Motion to Reconsider), filed on October 3, 2016. (Doc. 52). Plaintiff moves the Court to (1) hold hearings on the motions filed in this case, and (2) reconsider its September 28, 2016, Memorandum Opinion and Order, and accompanying Order of Dismissal of Claims Against Defendant Restrepo. (Docs. 49 and 50). Defendant filed a response to the Motion to Reconsider on October 19, 2016, and Plaintiff filed a reply on October 26, 2016. (Docs. 56 and 57). Defendant and Plaintiff each seek an award of expenses incurred in connection with the Motion to Reconsider. Having reviewed the Motion to Reconsider and the briefing, the Court (1) denies Plaintiff's request to hold a hearing on the Motion to Reconsider and all motions filed in this case, (2) grants the Motion to Reconsider only to the extent of dismissing Plaintiff's slander/defamation claim against Defendant Restrepo without prejudice, instead of with prejudice, and (3) denies both parties' respective requests for an award of expenses incurred with respect to the Motion to Reconsider.

*A. Background*

Plaintiff filed this employment lawsuit against his employer, Defendant, and against Defendant Carlos Restrepo, a Verizon Director of Customer Service, in his personal capacity. Plaintiff alleges racial discrimination, harassment, and retaliation against Defendants under Title VII. He also alleges that Defendants slandered him. These allegations arise from Defendants' failure to promote Plaintiff to the position of Permanent Supervisor.

On September 28, 2016, the Court granted Defendant Restrepo's Motion to Dismiss Plaintiff's Complaint (Motion to Dismiss) (Doc. 6) brought pursuant to Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim upon which relief can be granted). (Doc. 49). In doing so, the Court concluded that (1) the Court lacked subject matter jurisdiction over the Title VII claims brought against Defendant Restrepo, because Plaintiff failed to exhaust administrative remedies as to Defendant Restrepo, (2) Plaintiff failed, as a matter of law, to state a plausible Title VII claim against Defendant Restrepo, personally, because of his supervisory role, (3) Plaintiff failed to state a plausible slander/defamation claim against Defendant Restrepo, (4) Plaintiff consented to dismissing the slander/defamation claim by not responding to the Motion to Dismiss that claim, and (5) that failure to respond constituted abandonment of the slander/defamation claim. The Court, then, dismissed all of Plaintiff's claims against Defendant Restrepo with prejudice. (Doc. 50). In deciding to grant the Motion to Dismiss, the Court considered Plaintiff's complaint and attached Equal Employment Opportunity Commission (EEOC) Notice of Right to Sue (Doc. 1-2); an EEOC Intake Questionnaire (Doc. 32) at 4-6, file stamped by the EEOC on May 18, 2015; and an EEOC Charge of Discrimination (Doc. 36-1), file stamped by the EEOC on May 22, 2015. (Doc. 49) at 2-5.

*B. Discussion*

As an initial matter, Plaintiff complains that the Court should have held a hearing on the Motion to Dismiss and should generally hold hearings on the motions filed in this case, including the Motion to Reconsider. Plaintiff asserts that holding hearings is necessary to prevent Defendant from tampering with the Court's rulings and orders. More specifically, Plaintiff questions, without factual support, the Court's adverse rulings believing that Defendant tampered with those rulings to go against him. The Court, however, does not accept Plaintiff's speculative assertion that Defendant tampered with the Court's rulings. Plaintiff is free to check the official court docket sheet to verify any court rulings as authentic. Moreover, the Local Rules provide that "[a] motion will be decided on the briefs unless the Court sets oral argument." D.N.M. LR-Cv 7.6(a). In other words, the Court decides motions on the briefs unless there is good cause to set an oral argument. To date, the Court has not found good cause to deviate from the practice of deciding motions on the briefs. The Court further denies Plaintiff's blanket request to hold hearings on the motions filed in this case.

Next, Plaintiff moves the Court under Fed. R. Civ. P. 59(e) and 60 to reconsider the September 28, 2016, decision. Rules 59(e) and 60, however, only apply to final orders or judgments which adjudicate all claims. *Raytheon Constructors, Inc. v. ASARCO, Inc.,* 368 F.3d 1214, 1217 (10th Cir. 2003) (holding that Rule 60(b) applies "to final orders or judgments" which adjudicate all rights and liabilities of all parties); *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988) (finding Rule 59(e) did not apply to non-final orders which did not dispose of all claims of all parties). In this case, the September 28, 2016, decision only addressed the claims against Defendant Restrepo and, therefore, did not adjudicate all of Plaintiff's claims. Hence, the dismissal of the claims against Defendant Restrepo is not a final

order or judgment, but is, instead, an interlocutory order.  As such, Rules 59(e) and 60 do not apply to the Motion to Reconsider.

The Court, thus, construes Plaintiff's Motion to Reconsider as "an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Wagoner v. Wagoner,* 938 F.2d 1120, 1122 n. 1 (10th Cir.1991).  The Tenth Circuit has analyzed motions to reconsider interlocutory orders, like this one, under Fed. R. Civ. R. 54(b)[1] and looked to Rule 59(e) for guidance in addressing those motions to reconsider.  *Ankeney v. Zavaras*, 524 Fed. Appx. 454, 458 (10th Cir. 2013) (stating that in considering Rule 54(b) motion to reconsider, "court may look to the standard used to review a motion made pursuant to Federal Rule of Civil Procedure 59(e).").

A Rule 59(e) movant carries the burden of demonstrating that the Court should alter or amend a judgment.  *See, e.g., Winchester v. Wilkinson*, 2015 WL 2412175, at *2 (E.D. Okla.) ("court finds petitioner has failed to meet his burden for relief under Fed.R.Civ.P. 59(e).").  Rule 59(e) relief is appropriate if there is new controlling law, new evidence not available previously, or a "need to correct clear error or prevent manifest injustice." *Ankeney*, 524 Fed. Appx. at 458 (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Rule 59(e) does not allow a losing party to "revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Servants of the Paraclete*, 204 F.3d at 1012.

The Tenth Circuit has defined clear error as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment."  *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001).  Although the Tenth Circuit has not specifically defined

---

[1] Rule 54(b) states:  "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

manifest injustice in the Rule 59(e) context, other courts have defined manifest injustice as "more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law." *Smith v. Lynch*, 2015 WL 4324167, *3 (D.D.C.). *See also In re Green Goblin, Inc.,* 2012 WL 1971143, *1 (Bankr. E.D. Pa. May 31, 2012) ("In order for a court to reconsider a decision due to 'manifest injustice,' the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it.") (quoting *In re Roemmele,* 466 B.R. 706 (Bankr. E.D. Pa. 2012)).

      Plaintiff contends that he has new evidence which shows that the EEOC investigator, Ivan Soto, incorrectly failed to name Defendant Restrepo as a respondent in the Charge of Discrimination. Plaintiff argues that it was, therefore, not his fault that he failed to exhaust administrative remedies with respect to Defendant Restrepo. Plaintiff, however, does not indicate when he discovered this "new" evidence. The Court, therefore, cannot determine if this information is actually "newly" discovered information. Nonetheless, "[b]ecause the exhaustion of administrative remedies is jurisdictional, this Court is without jurisdiction to consider [P]laintiff's equitable arguments for waiver and estoppel." *Haney v. Donovan*, 2010 WL 1284468, at *15 (D. Kan.) (citing *Shendock v. Director, Office of Workers' Comp. Programs,* 893 F.2d 1458, 1466 (3d. Cir.1990); *Brown v. Director, OWCP,* 864 F.2d 120, 124 (11th Cir.1989)). Additionally, even if Plaintiff did exhaust administrative remedies as to Defendant Restrepo, Plaintiff cannot bring Title VII claims against Defendant Restrepo, personally, because of his supervisory role. (Doc. 49) at 5. *See Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1083 n.1 (10th Cir. 2007) ("Under long-standing circuit precedent, supervisors and other employees may not be held personally liable under Title VII.").

      For the above reasons, Plaintiff has not convinced the Court that its September 28, 2016, decision to dismiss the Title VII claims with prejudice against Defendant Restrepo was either

arbitrary, capricious, whimsical, or manifestly unreasonable considering the Memorandum Opinion and Order and the law cited therein, the complaint, and the EEOC documents before the Court; or that the dismissal of the Title VII claims was fundamentally unfair considering the law. In other words, the Court did not commit clear error in dismissing the Title VII claims with prejudice nor was that dismissal manifestly unjust.

Plaintiff also complains that the Court should not have dismissed the "slander" claim against Defendant Restrepo. The Court observed in the September 28, 2016, Memorandum Opinion and Order that New Mexico abolished "slander" as a cause of action and, instead, recognizes "defamation" as a cause of action. (Doc. 49) at 6 (citing UJI 13-1002 NMRA 1998 (2016 ed.), Committee Commentary (stating that defamation jury instruction reflects New Mexico caselaw "abolishing all distinctions between libel and slander….")). *See also* UJI 13-1001 NMRA 1998 (2016 ed.), Committee Commentary ("The word 'defamation' is used throughout the instructions in preference to 'libel' or 'slander.' Libel and slander are merely subcategories of defamation."). Plaintiff now cites NMSA 1978, § 41-4-12 (1996 Repl. Pamp.) of the New Mexico Tort Claims Act as, in fact, recognizing slander as a cause of action, because it lists slander as a cause of action for which law enforcement officers are not immune from suit.[2] The Court notes, however, that Section 41-4-12 was last amended in 1977 and simply does not reflect current New Mexico caselaw which replaced the slander cause of action with a defamation cause of action.

Plaintiff further argues that he did not abandon his slander/defamation claim. He asserts that at Defendant Restrepo's Town Hall Meeting supervisors laughed at a photo of him in "representative" attire when he was actually a supervisor at the time and when other photos

---

[2] Plaintiff actually cited NMSA 1978, Section 37-1-8, but that citation is erroneous. (Doc. 52) at 4. The Court believes Plaintiff meant to cite Section 41-4-12.

featured employees in "supervisor" attire. (Doc. 52) at 4; (Doc. 1-2) at 7.  Plaintiff also asserts that the photo "was displayed in the mail entrance and hallway at Verizon Wireless, Inc. …." *Id.* Plaintiff states that these actions were "done to humiliate him" and show others that Defendant would not promote him to a permanent supervisor position.  (Doc. 52) at 4.  Plaintiff now implies that because Defendant Restrepo is the "Director" of the "Board of Supervisors," he is responsible for displaying the photo and, thus, defaming and slandering him.  *Id.*  In fact, Plaintiff's description of these facts in the complaint does not state that Defendant Restrepo was involved in obtaining or displaying the photo. (Doc. 1-2) at 7.  Consequently, the Court determined in the September 28, 2016, Memorandum Opinion and Order that the slander/defamation claim is subject to dismissal under Rule 12(b)(6) because "Plaintiff does not allege any facts [in the complaint] which would support a plausible claim of defamation against Defendant Restrepo." (Doc. 49) at 6.

      Moreover, the Court noted in the September 28, 2016, Memorandum Opinion and Order that Plaintiff did not respond to Defendant Restrepo's argument in the Motion to Dismiss that the slander/defamation claim was subject to dismissal under Rule 12(b)(6).  Accordingly, the Court determined that Plaintiff's failure to oppose the Motion to Dismiss with regard to the slander/defamation claim constituted consent to dismiss that claim as well as abandonment of the claim.  *Id.* (quoting D.N.M. LR-Cv. 7.1(b); *Palmer v. Unified Gov't of Wyandotte Cty./Kansas City, Kansas*, 72 F.Supp.2d 1237, 1250-51 (D. Kan. 1999)).  Plaintiff's attempt to now advance arguments that he could have raised in prior briefing will not support the Motion to Reconsider.

      Even if the Court considers Plaintiff's factual representations in the Motion to Reconsider, the Court rejects Plaintiff's assertion that Defendant Restrepo was somehow personally responsible for displaying the photo because that assertion is merely speculative.

7

Furthermore, Plaintiff has not alleged facts in his complaint or otherwise which show that his reputation was actually injured as a result of the photo, an essential element of a defamation claim. *See Smith v. Durden*, 2012-NMSC-010, ¶ 31, 276 P.3d 943, 951 (reiterating that "proof of actual injury to reputation" is necessary to establish *prima facie* case of defamation). Plaintiff cannot rely solely on allegations that the photo was humiliating or caused mental anguish to establish a defamation claim. *See id.* (holding that plaintiff must establish "proof of actual injury to reputation—before a jury can award damages for mental anguish, humiliation, or any of the other recoverable harms listed in UJI 13–1010.").

     As with the dismissal of the Title VII claims, Plaintiff has not convinced the Court that its September 28, 2016, decision to dismiss the slander/defamation claim against Defendant Restrepo was either arbitrary, capricious, whimsical, or manifestly unreasonable considering the relevant law cited in the Memorandum Opinion and Order and the complaint before the Court. Accordingly, the Court did not commit clear error in dismissing the slander/defamation claim. However, allowing for Plaintiff's *pro se* status and Plaintiff's assertion that he has not abandoned his slander/defamation claim against Defendant Restrepo, the Court determines that it would be fundamentally unfair to dismiss that claim with prejudice. The Court, consequently, grants the Motion to Reconsider only to the extent that the Court will dismiss the slander/defamation claim against Defendant Restrepo without prejudice. Nonetheless, the Court warns Plaintiff that any future failure to respond to a motion may result in the Court granting the motion in full. *See* D.N.M. LR-Cv 7.1(b) ("failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").

     Because Plaintiff did not entirely prevail on the Motion to Reconsider and Defendant did not entirely succeed in opposing the Motion to Reconsider, neither Plaintiff nor Defendant are

entitled to any reimbursement of expenses related to the Motion to Reconsider. The Court, thus, denies their respective requests for awards of expenses incurred in connection with the Motion to Reconsider.

      IT IS ORDERED that

      1. Plaintiff's request for hearings on all motions filed in this case is denied;

      2. the "Notice of Motion and Motion for Reconsideration of Dismissal of Carlos Restrepo with Prejudice and Possible Corruption of Ruling Delivered without Ever Appearing on the Record Doc 49, 50, 51" (Doc. 52) is granted only to the extent that the slander/defamation claim against Defendant Restrepo is dismissed without prejudice;

      3. Plaintiff must timely respond to motions or risk the Court deeming the failure to respond as consent to grant the motions in full; and

      4. the parties' respective requests for awards of expenses incurred with respect to the Motion to Reconsider are denied.

_____
UNITED STATES DISTRICT JUDGE