IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARL G. THYMES,

    Plaintiff,

v.                                                CV 16-66 KG/WPL

VERIZON WIRELESS, INC., and
CARLOS RESTREPO,

    Defendants.

**ORDER ON DISCOVERY MOTIONS**

Pro se Plaintiff Carl Thymes filed three opposed motions to compel discovery responses (Docs. 80, 81, and 82) and an opposed motion for leave to propound an additional twenty-five requests for admission during the discovery process (Doc. 84). Having reviewed each of the motions, the record, and the relevant law, the motions are denied for the reasons explained herein.

**MOTIONS TO COMPEL**

Federal Rule of Civil Procedure 37 provides that a party may move for an order compelling disclosure of certain information or responses to certain discovery requests, provided that the motion to compel "include[s] a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1). A party may move to compel deposition answers, corporate designations, interrogatory answers, and production or inspection of documents. FED. R. CIV. P. 37(a)(3)(B). When it comes to requests for admissions, Rule 37 allows a party to move for reasonable expenses, including attorney's fees, incurred when another

party failed to admit a matter requested under Rule 36 and that matter is later proven true or the document is proven genuine. FED. R. CIV. P. 37(c)(2).

D.N.M.LR-Civ. 37.1 provides that a party seeking relief under Federal Rule of Civil Procedure 37(a) "must attach to the motion a copy of: (a) the interrogatory, request for production or inspection, relevant portion of deposition transcript, or request for admission; and (b) the response or objection thereto." D.N.M.LR-Civ. 26.6 provides that a "party served with objections to: an interrogatory; request for production or inspection; or request for admission must proceed under D.N.M.LR-Civ. 37.1 within twenty-one (21) days of service of an objection," and that "[f]ailure to proceed within this time period constitutes acceptance of the objection." The Court "may, *sua sponte* or on motion by a party, change the twenty-one (21) day period." D.N.M.LR-Civ. 26.6. Local Rule 7.1(a) states that, for all motions, the "[m]ovant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-Civ. 7.1(a).

**1. Interrogatories**

Thymes served Interrogatories on Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon") on September 28, 2016. (Doc. 53; Doc. 92 at 1.) Verizon served its responses and objections on October 31, 2016. (Doc. 60; Doc. 92 at 1.) Thymes emailed defense counsel on November 14, 2016, asking if Verizon would amend its response without court intervention. (Doc. 92 Ex. 1 at 1.) Defense counsel responded on November 15, 2016, and sought clarification of what Thymes requested. (*Id.* Ex. 1 at 2.) Thymes replied on November 16, 2016, and stated, "I am in the process of deciding whether to respond to your request or just file a motion to compel." (*Id.*) Ultimately, Thymes filed the motion to compel Interrogatory answers on December 30, 2016. (Doc. 80.)

Verizon contends that the motion should be denied because Thymes failed to comply with the good faith requirement of Federal Rule 37(a), the Local Rule 37.1 requirement of appending discovery requests and responses to motions to compel, the timing requirement of Local Rule 26.6, and the good faith requirement of Local Rule 7.1(a). Any of these grounds, individually, is sufficient to deny the motion.

Thymes failed to include a good faith certification in his motion to compel. In his Reply, Thymes contends that my declining to rule on oral motions at a December 16, 2016, status conference and informing Thymes that he would have to file formal motions "negat[ed] the need to meet and confer again." (Doc. 95 at 2.) Thymes is wrong. My statement that I would not rule on oral motions and would instead require formal motions practice did not, does not, and will not in the future obviate the need to follow all procedural rules. Thymes essentially concedes that he did not make any good faith attempt to confer with Verizon prior to filing the motion to compel, and therefore did not comply with Federal Rule 37(a).

Thymes did not include the Interrogatories and Verizon's disputed responses thereto when filing his motion to compel, as required by Local Rule 37.1. Without reviewing Verizon's answers and objections to the Interrogatories, I cannot determine whether the answers or objections are sufficient. Thymes asserts in Reply that he believes "that citing the objection part in his motion is enough for the court to compel and answer to this objection." (Doc. 95 at 3.) Thymes is wrong. Thymes's failure to comply with this rule frustrates the deliberative process and renders me without sufficient information to find in his favor.

Verizon responded to the Interrogatories on October 31, 2016. Thymes did not file his motion to compel until December 30, 2016. Thymes does not contend that he was granted an extension of the Local Rule 26.6 timing requirement, nor did he argue that good cause exists for

the delay. Accordingly, I find that Thymes's failure to file his motion to compel within the strictures of Local Rule 26.6 constitutes acceptance of Verizon's objections to the Interrogatories.

Finally, not only did Thymes fail to confer with defense counsel before filing this motion, but he failed to include a good faith recitation of the same, as required by Local Rule 7.1. Local Rule 7.1 is clear that failure to include the good faith recitation constitutes grounds for denying the motion.

For all of these reasons, the motion to compel Interrogatory answers (Doc. 80) is denied.

### 2. Requests for Production

Thymes served Requests for Production on Verizon on October 9, 2016. (Doc. 55; Doc. 91 at 1.) Verizon served its responses and objections on November 14, 2016. (Doc. 64; Doc. 91 at 1.) Thymes emailed defense counsel on November 14, 2016, asking if Verizon would amend its response without court intervention. (Doc. 91 Ex. 1 at 1.) Defense counsel responded on November 15, 2016, and sought clarification of what Thymes requested. (*Id.* Ex. 1 at 2.) Thymes replied on November 16, 2016, and stated, "I am in the process of deciding whether to respond to your request or just file a motion to compel." (*Id.*) Ultimately, Thymes filed the motion to compel responses to his Requests for Production on December 30, 2016. (Doc. 81.)

Verizon contends that the motion should be denied because Thymes failed to comply with the good faith requirement of Federal Rule 37(a), the Local Rule 37.1 requirement of appending discovery requests and responses to motions to compel, the timing requirement of Local Rule 26.6, and the good faith requirement of Local Rule 7.1(a). Any of these grounds, individually, is sufficient to deny the motion.

Thymes failed to include a good faith certification in his motion to compel. In his Reply, Thymes contends that my declining to rule on oral motions at a December 16, 2016, status conference and informing Thymes that he would have to file formal motions "negat[ed] the need to meet and confer again." (Doc. 94 at 2.) Thymes is wrong. My statement that I would not rule on oral motions and would instead require formal motions practice did not, does not, and will not in the future obviate the need to follow all procedural rules. Thymes essentially concedes that he did not make any good faith attempt to confer with Verizon prior to filing the motion to compel, and therefore did not comply with Federal Rule 37(a).

Thymes did not include the Requests for Production and Verizon's disputed responses thereto when filing his motion to compel, as required by Local Rule 37.1. Without reviewing Verizon's responses and objections to the Requests for Production, I cannot determine whether the answers or objections are sufficient. Thymes asserts in Reply that he believes "that citing the objection part in his motion is enough for the court to compel and answer to this objection." (Doc. 94 at 3-4.) Thymes's failure to comply with this rule frustrates the deliberative process and renders me without sufficient information to find in his favor.

Verizon responded to the Requests for Production on November 14, 2016. Thymes did not file his motion to compel until December 30, 2016. Thymes does not contend that he was granted an extension of the Local Rule 26.6 timing requirement, nor did he argue that good cause exists for the delay. Accordingly, I find that Thymes's failure to file his motion to compel within the strictures of Local Rule 26.6 constitutes acceptance of Verizon's objections to the Requests for Production.

Finally, not only did Thymes fail to confer with defense counsel before filing this motion, but he failed to include a good faith recitation of the same, as required by Local Rule 7.1. Local

Rule 7.1 is clear that failure to include the good faith recitation constitutes grounds for denying the motion.

For all of these reasons, the motion to compel responses to the Requests for Production (Doc. 81) is denied.

### 3. Requests for Admission

Thymes served Requests for Admission on Verizon on November 16, 2016. (Doc. 67; Doc. 90 at 1.) Verizon served its responses and objections on December 16, 2016. (Doc. 76; Doc. 90 at 1.) Thymes filed the motion to compel affirmative responses to his Requests for Admission on December 30, 2016. (Doc. 82.)

Verizon contends that the motion should be denied because Thymes is not entitled to the relief requested and because he failed to comply with the good faith requirement of Federal Rule 37(a), the Local Rule 37.1 requirement of appending discovery requests and responses to motions to compel, and the good faith requirement of Local Rule 7.1(a). Any of these grounds, individually, is sufficient to deny the motion.

Thymes failed to include a good faith certification in his motion to compel. In his Reply, Thymes contends that my declining to rule on oral motions at a December 16, 2016, status conference and informing Thymes that he would have to file formal motions "negat[ed] the need to meet and confer again." (Doc. 96 at 2.) Thymes is wrong. My statement that I would not rule on oral motions and would instead require formal motions practice did not, does not, and will not in the future obviate the need to follow all procedural rules. Thymes essentially concedes that he did not make any good faith attempt to confer with Verizon prior to filing the motion to compel, and therefore did not comply with Federal Rule 37(a).

Thymes did not include the Requests for Admission and Verizon's disputed responses thereto when filing his motion to compel, as required by Local Rule 37.1. Without reviewing Verizon's responses and objections to the Requests for Admission, I cannot determine whether the answers or objections are sufficient. Thymes's failure to comply with this rule frustrates the deliberative process and renders me without sufficient information to find in his favor.

Not only did Thymes fail to confer with defense counsel before filing this motion, but he failed to include a good faith recitation of the same, as required by Local Rule 7.1. Local Rule 7.1 is clear that failure to include the good faith recitation constitutes grounds for denying the motion.

Finally, even if Thymes had complied with all of the procedural rules discussed above, he would still not be entitled to relief. First, Federal Rule of Civil Procedure 37 does not provide a mechanism by which parties may dispute responses to Requests for Admission. Rather, Rule 37 provides a sanction when a party fails to admit a matter that is later proven and the party did not meet any of the exceptions. Rule 36(a)(6), however, allows a party to move to determine the "sufficiency" of an answer or objection to a request for admission. A response to a request for admission may be considered insufficient where the response is not "specific" or where the explanation for a failure to admit or deny is not "in detail" as required by Rule 36(a)(4). *See Foretich v. Chung*, 151 F.R.D. 3, 5 (D.D.C. 1993) (quoting WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2263 (1970)). However, a denial is specific and is a proper response to a request for admission, and a party is not required to state the reasons why it denied a request for admission. *See United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 967-68 (3d Cir. 1988); *Michael v. Wes Banco Bank, Inc.*, No. CIV A 5:04CV46, 2006 WL 1705935, at *3 (N.D. W. Va. June 16, 2006) (unpublished).

Here, Thymes has not proven that the matters denied are, in fact, true. Perhaps more to the point, Verizon provided a reasonable basis for each contested Request for Admission. (*See* Doc. 90 at 3-5.) Should Thymes later prove these matters true, he may revisit the issue with the presiding judge. As it stands, Thymes is not entitled to an order compelling Verizon to admit disputed matters.

For all of these reasons, the motion to compel affirmative responses to the Requests for Admission (Doc. 82) is denied.

### 4. Attorney Fees

Verizon seeks its attorney's fees and costs, pursuant to 28 U.S.C. § 1927, incurred in responding to each of the discovery motions. (Docs. 90, 91, and 92.) Thymes also seeks fees, pursuant to Federal Rule of Civil Procedure 37 and 28 U.S.C. § 1927. Because Thymes did not prevail on any of his motions, his requests are denied.

Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "[A]n award should be made under § 1927 'only in instances evidencing a "serious and standard disregard for the orderly process of justice."'" *White v. Am. Airlines, Inc.*, 915 F.2d 1414, 1427 (10th Cir. 1990) (quoting *Dreilling v. Peugeot Motors of Am., Inc.*, 768 F.2d 1150, 1165 (10th Cir. 1985) (quoting *Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1167 (7th Cir. 1968), *cert. denied*, 395 U.S. 908 (1969))). Sanctions are appropriate under § 1927 "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (en banc).

While I agree with Verizon that Thymes's motions had no possibility of success under these circumstances, I cannot find that his conduct evidenced a serious and standard disregard for the orderly process of justice, nor that it manifests an intentional or reckless disregard of his duties to the court. Verizon's requests are denied.

### MOTION FOR LEAVE TO PROPOUND ADDITIONAL REQUESTS FOR ADMISSION

On January 5, 2017, Thymes filed a motion for leave to serve an additional 25 Requests for Admission. (Doc. 84.) Thymes again failed to include a good faith recitation that he sought Verizon's concurrence before bringing this motion, pursuant to Local Rule 7.1. Thymes's failure to include such a good faith recitation and to seek Verizon's concurrence constitutes grounds to summarily deny the motion. Thymes's motion for leave to serve an additional 25 Requests for Admission (Doc. 84) is denied.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.