IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARL GENE THYMES,

    Plaintiff,

vs.                                                             Civ. No. 16-66 KG/WPL

VERIZON WIRELESS, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon *pro se* Plaintiff's "Notice of Motion and Motion for Reconsideration of Order Denying Motion for Recusal of Trial Judge Kenneth Gonzales for Cause Denying Apperances on the Record which Invites Corruption, Boycott and Stay of Trial Judge Orders Pending Appeal if Necessary (Doc. 58, 73)" (Motion for Reconsideration), filed on December 30, 2016. (Doc. 83). Defendant filed a response on January 13, 2017, and Plaintiff filed a reply on January 17, 2017. (Docs. 93 and 97). Defendant and Plaintiff each seek an award of attorney's fees and/or costs should they prevail on this Motion for Reconsideration. Having reviewed the Motion for Reconsideration and the accompanying briefing, the Court denies the Motion for Reconsideration, denies Plaintiff's request for a stay of proceedings pending an appeal of this matter, and denies the parties' respective requests for an award of attorney's fees and/or costs.

A. *Background*

Plaintiff moves under Fed. R. Civ. P. 60(b) for the Court to reconsider its December 16, 2016, Memorandum Opinion and Order which denied Plaintiff's "Motion for Recusal of Trial Judge for Failure to Address Plaintiff Need for Hearing on the Record when Malfeasance of the

1

Defendants are Alleged" (Motion for Recusal), (Doc. 58). (Doc. 73). Plaintiff moved to recuse me from this case, because I have not held hearings on motions. Plaintiff argued that holding hearings is necessary to ensure Defendant does not tamper with the Court's rulings and orders. I determined that Plaintiff failed to carry his heavy burden of showing that a recusal under 28 U.S.C. § 455(a) was appropriate. In making that determination, I specifically found that "a reasonable, well-informed, and objective observer would not find a factual basis to question my partiality in not holding hearings on motions filed in this case." (Doc. 73) at 3. Factors I considered in my decision included (1) "Plaintiff's speculative assertion that Defendant tampered with the Court's rulings," (2) the fact that the Court had not yet found good cause to deviate from D.N.M. LR-Cv 7.6(a) which provides that the Court decide a "motion on the briefs unless the Court sets oral argument," and (3) the legal principle that courtroom administrative decisions, like deciding motions on the briefs, does not provide a ground for recusal. *Id.* at 2-3.

Plaintiff moves the Court to reconsider its denial of the Motion for Recusal based on his continued belief that the Court must hold hearings on motions in order to ensure that Defendant does not tamper with the Court's orders and rulings. If the Court denies the Motion for Reconsideration, Plaintiff requests that the Court stay all proceedings while he appeals the matter. Plaintiff also seeks an award of costs should he prevail on the Motion for Reconsideration while Defendant seeks an award of attorney's fees and costs should the Court deny the Motion for Reconsideration.

B.  Discussion

    *1. Whether to Reconsider the Court's December 16, 2016, Memorandum Opinion and Order*

As an initial matter, Rule 60 only applies to final orders or judgments which adjudicate all claims. *Raytheon Constructors, Inc. v. ASARCO, Inc.,* 368 F.3d 1214, 1217 (10th Cir. 2003)

(holding that Rule 60(b) applies "to final orders or judgments" which adjudicate all rights and liabilities of all parties).  In this case, the December 16, 2016, Memorandum Opinion and Order only addresses the issue of recusal and, therefore, does not adjudicate any of Plaintiff's claims.  Hence, the denial of the Motion for Recusal is not a final order or judgment, but is, instead, an interlocutory order.  That being the case, Rule 60 does not apply to the Motion for Reconsideration.

As a motion to reconsider an interlocutory order, Plaintiff's Motion for Reconsideration "invoke[es] the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Wagoner v. Wagoner,* 938 F.2d 1120, 1122 n. 1 (10th Cir.1991).  The Tenth Circuit has analyzed motions to reconsider interlocutory orders, like this one, under Fed. R. Civ. R. 54(b)[1] and looked to Fed. R. Civ. P. 59(e) for guidance in deciding those motions.  *Ankeney v. Zavaras*, 524 Fed. Appx. 454, 458 (10th Cir. 2013) (stating that in considering Rule 54(b) motion to reconsider, "court may look to the standard used to review a motion made pursuant to Federal Rule of Civil Procedure 59(e).").

A Rule 59(e) movant carries the burden of demonstrating that the Court should alter or amend a judgment.  *See, e.g., Winchester v. Wilkinson*, 2015 WL 2412175, at *2 (E.D. Okla.) ("court finds petitioner has failed to meet his burden for relief under Fed.R.Civ.P. 59(e).").  Rule 59(e) relief is appropriate if there is new controlling law, new evidence not available previously, or a "need to correct clear error or prevent manifest injustice." *Ankeney*, 524 Fed. Appx. at 458 (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  The Tenth Circuit has defined clear error as "an arbitrary, capricious, whimsical, or manifestly unreasonable

---

[1] Rule 54(b) states: "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

judgment." *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001). Although the Tenth Circuit has not precisely defined "manifest injustice" within the meaning of Rule 59(e), that term is commonly defined as "[a] direct, obvious, and observable error in a trial court ...." *Black's Law Dictionary* (10th ed. 2014). Furthermore, Rule 59(e) does not allow a losing party to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012.

Here, Plaintiff has not presented any new controlling law or new evidence upon which to base his Motion for Reconsideration. Instead, Plaintiff revisits the same argument he made previously, i.e., that the Court must hold hearings on motions so that Plaintiff can be sure that Defendant is not tampering with the Court's rulings and orders. Moreover, Plaintiff has not convinced the Court that its reasoning for denying the Motion for Recusal rises to the level of clear error or manifest injustice. Plaintiff simply has not carried his burden of demonstrating that the Court should reconsider its December 16, 2016, Memorandum Opinion and Order. The Court, therefore, denies Plaintiff's request to reconsider that Memorandum Opinion and Order.

   *2. Whether to Stay Proceedings While Plaintiff Appeals this Matter*

Because the Court has decided to deny Plaintiff's request to reconsider its denial of the Motion for Recusal, Plaintiff seeks to stay the case pending an appeal of this matter. The Court considers the following four factors when considering a motion to stay pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill,* 481 U.S. 770, 776 (1987). The Court addresses each of these factors in turn.

First, for the reasons set forth in the December 16, 2016, Memorandum Opinion and Order, Plaintiff's unsubstantiated argument that hearings on motions are necessary to prevent Defendant from tampering with Court orders and rulings does not reasonably question the Court's impartiality in this matter. 28 U.S.C. § 455(a) (judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."). Consequently, Plaintiff has not made a strong showing that upon appeal he is likely to succeed on the merits of his Motion for Recusal. Second, there is no factual basis to believe that the Court's impartiality might reasonably be questioned or that Defendant is actually tampering with orders and rulings. Therefore, Plaintiff has not shown he will be irreparably harmed absent a stay of proceedings pending an appeal of the order denying the Motion for Recusal. Third, issuance of a stay would substantially injure Defendant by delaying litigation of the case on the merits. And, fourth, an appeal likely would be unsuccessful. Thus, the public interest lies in denying Plaintiff's request for a stay in order to expeditiously resolve this case so that the Court can attend to other cases on its busy docket. Considering all of the above factors, the Court denies any stay of proceedings pending an appeal of the Court's denial of the Motion for Recusal.

   3.  *Whether to Award Attorney's Fees and/or Costs*

Since the Court denied the Motion for Reconsideration, Plaintiff is obviously not entitled to any award of costs. Defendant, as the prevailing party on the Motion for Reconsideration, moves for an award of attorney's fees and costs under 28 U.S.C. § 1927. Section 1927 states:

> *Any attorney or other person admitted to conduct cases* in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Emphasis added.  Section 1927, however, does not apply to *pro se* litigants, like Plaintiff, and "is available against only attorneys…."  *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1222 (10th Cir. 2006).  For this reason, the Court denies Defendant's request for an award of attorney's fees and costs.

    IT IS ORDERED that

    1.  "Notice of Motion and Motion for Reconsideration of Order Denying Motion for Recusal of Trial Judge Kenneth Gonzales for Cause Denying Apperances on the Record which Invites Corruption, Boycott and Stay of Trial Judge Orders Pending Appeal if Necessary (Doc. 58, 73)" (Doc. 83) is denied; and

    2.  the parties' respective requests for an award of attorney's fees and/or costs are denied.

_____
UNITED STATES DISTRICT JUDGE