IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARL GENE THYMES,

     Plaintiff,

vs.                                     Civ. No. 16-66 KG/WPL

VERIZON WIRELESS, INC.,

     Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court upon *pro se* "Plaintiff's Memorandum in Support of Combined Petition for Certification of Interlocutory Appeal under 28 U.S.C. § 1292(b) and Motions to Amend Order and Stay Proceedings Pending Appeal" (Petition for Certification), filed January 17, 2017.  (Doc. 98).  Plaintiff's Petition for Certification concerns the Court's Memorandum Opinion and Order, filed on September 28, 2016, and the Memorandum Opinion and Order, and Amended Dismissal of Claims Against Defendant Restrepo, both filed on January 9, 2017.  (Docs. 49, 88, and 89).  These orders and rulings pertain to the dismissal of Plaintiff's claims against Defendant Carlos Restrepo.  Defendant filed a response on January 27, 2017, and Plaintiff filed a reply on January 30, 2017.[1]  (Docs. 108 and 109).  Each party seeks an award of attorney's fees and/or costs should they prevail on the Petition for Certification. Having considered the Petition for Certification and the accompanying briefing, the Court denies

---

[1] At the end of his reply, Plaintiff also seeks a certification for interlocutory appeal of the Court's determination not to recuse from this case.  The Court declines to address this new issue in the context of a reply.  *See cf. Coleman v. B–G Maintenance Management of Colorado, Inc.,* 108 F.3d 1199, 1205 (10th Cir.1997) ("Issues not raised in the opening brief are deemed abandoned or waived.").

the Petition for Certification and denies the parties' respective requests for an award of attorney's fees and/or costs.

*A.  Background*

This is an employment discrimination lawsuit.  Plaintiff's lawsuit includes Title VII claims against Restrepo, Plaintiff's supervisor, and Verizon Wireless, Inc., Plaintiff's employer. Plaintiff also brought a state slander/defamation claim against Restrepo.

On September 28, 2016, the Court granted Defendant Restrepo's Motion to Dismiss Plaintiff's Complaint (Doc. 6).  (Doc. 49).  In doing so, the Court determined that it lacked subject matter jurisdiction over the Title VII claims against Restrepo, because Plaintiff failed to exhaust administrative remedies as to him.  *Id.* at 5.  The Court further determined that Plaintiff could not legally bring the Title VII claims against Restrepo, personally, because of his supervisory role.  *Id.* In addition, the Court decided that Plaintiff failed to state a plausible slander/defamation claim against Restrepo, and that Plaintiff's failure to oppose the request to dismiss the slander/defamation claim constituted consent to dismiss the claim and was also tantamount to abandonment of that claim.  *Id.* at 6-7.  Based on the foregoing, the Court dismissed Plaintiff's claims against Restrepo with prejudice.  *Id.* at 7; (Doc. 50).

Plaintiff then filed a motion to reconsider the dismissal of the claims against Restrepo.[2] On January 9, 2017, the Court entered a Memorandum Opinion and Order deciding the motion to reconsider.  (Doc. 88).  The Court first denied Plaintiff's request to hold a hearing on the motion to reconsider and on all motions filed in this case.  Plaintiff asserted, and continues to assert, that hearings are necessary to ensure that Defendant does not tamper with the Court's orders and rulings.  The Court then granted the motion to reconsider only to the extent of dismissing

_____

[2] Plaintiff subsequently filed a supplement to the motion to reconsider which the Court struck as an impermissible surreply and for providing duplicative documentation.  (Doc. 87).

Plaintiff's slander/defamation claim against Defendant Restrepo without prejudice, instead of with prejudice, because Plaintiff convinced the Court he had not abandoned that claim. *Id.* at 9; (Doc. 89). Otherwise, the Court denied the motion to reconsider.

Plaintiff now requests, under Section 1292(b), that the Court certify for interlocutory appeal the issue of whether the Court has subject matter jurisdiction over the Title VII claims against Restrepo. Should the Court certify this issue for an interlocutory appeal, Plaintiff asks that the Court stay the proceedings pending the appeal. Finally, Plaintiff seeks an award of costs if he prevails on the Petition for Certification. Defendant opposes the Petition for Certification and seeks an award of attorney's fees and costs should it prevail on the Petition for Certification.

*B. Discussion*

    *1. The Petition for Certification*

Under Section 1292(b), a district judge has discretion to certify an order for interlocutory appeal if that "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation…." 28 U.S.C. § 1292(b); *Swint v. Chambers County Com'n*, 514 U.S. 35, 47 (1995) ("Congress … chose to confer on district courts first line discretion to allow interlocutory appeals."). Such certification is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action." *State of Utah By & Through Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994) (citation omitted). The party moving for certification bears the burden of demonstrating that Section 1292(b) should apply. *Northern Arapaho Tribe v. Ashe*, 925 F. Supp. 2d 1206, 1223 (D. Wyo. 2012) (citing *Couch v. Telescope Inc.,* 611 F.3d 629, 633 (9th Cir. 2010)).

*a.  Whether the Court's Orders Involve a Controlling Question of Law*

This Court recently summarized what "question of law" means in the context of Section

1292(b).

> "Question of law" refers to a "question of the meaning of a statutory or constitutional
> provision, regulation, or common law doctrine….."  It does not include questions
> requiring a Court of Appeals to "delve beyond the surface of the record in order to
> determine the facts."  "The legal question must be stated at a high enough level of
> abstraction to lift the question out of the details of the evidence or facts of a particular
> case and give it general relevance to other cases in the same area of law."

*XTO Energy, Inc. v. ATD, LLC*, 189 F. Supp. 3d 1174, 1193 (D.N.M. 2016) (citations omitted).

In other words, "courts should certify questions when they are unsure of what the law is, not

when there is merely a dispute as to how the law applies to the facts of a particular situation."

*Certain Underwriters at Lloyd's, London v. Nance,* 2006 WL 4109675, at *3 (D.N.M.).

Moreover, a matter requiring the court's discretion does not constitute a "controlling legal

question" under Section 1292(b).  *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994) ("A legal

question of the type referred to in § 1292(b) contrasts with a 'matter for the discretion of the trial

court.'") (quoting *Garner v. Wolfinbarger,* 430 F.2d 1093, 1096–97 (5th Cir.1970), *cert. denied,*

401 U.S. 974 (1971)).

Plaintiff specifically argues that the controlling question of law is whether the Court lacks

subject matter jurisdiction over the Title VII claims against Restrepo when Defendant is

tampering with the Court's orders.  Plaintiff also states that "[t]he question raised here concerns

the meaning of the statutory term "EECO" [sic] in its filing requirements and named defendants:

Does Carlos Restrepo and the validity of the order and opinion from the Court need ever to be

verified by the Plaintiff when there is a question of fraud?"  (Doc. 98) at 5.

Assuming that Plaintiff wishes to appeal the Court's decision not to hold hearings on all

motions, the Court notes that such a decision is a matter of discretion under D.N.M. LR-Cv Rule

7.6(a)[3] and so is not a controlling "legal" question under Section 1292(b). If the Court construes Plaintiff's Petition for Certification as seeking certification to appeal the question of subject matter jurisdiction over the Title VII claims against Restrepo, the Court, likewise, concludes that such a question is not a controlling question of law. First, the Court analyzed factual issues in coming to that decision. (Doc. 49) at 4-7 (discussing *Romero* factors to determine whether omission of Restrepo's name in Charge of Discrimination required dismissal of Title VII claim). Consequently, that question for appeal does not present a highly abstract legal question which would "lift the question out of the details of the evidence or facts of" of this "particular case and give it general relevance to other cases in the same area." Second, that question for appeal is based on established law and reflects only a dispute as to how the law applies to the facts of this case. For the above reasons, Plaintiff has not met the controlling question of law requirement for certification under Section 1292(b).

> b. *Whether the Court's Orders Provide a Substantial Ground for a Difference of Opinion*

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633. Controlling law is sufficiently unclear "if a trial court rules in a manner which appears contrary to the rulings of all courts of appeals which have reached the issue, the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." 2 *Fed. Proc., L. Ed.* § 3:218 (footnotes omitted). However, simply "confront[ing]

---

[3] Local Rule 7.6(a) states: "A motion will be decided on the briefs unless the Court sets oral argument."

an issue of first impression does not present substantial ground for difference of opinion." *XTO*

*Energy, Inc.*, 189 F. Supp. 3d at 1194 (citations omitted).  Furthermore, a mere

> "strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial
> ground for difference.'"  That settled law might be applied differently does not establish a
> substantial ground for difference of opinion.

*Couch*, 611 F.3d at 633 (citations omitted).

Plaintiff argues first that the issue of whether the Court has subject matter jurisdiction

over the Title VII claims against Restrepo presents a substantial ground for a difference of

opinion.  Plaintiff has not indicated, nor does the Court find, that the manner in which it ruled on

that issue "appears contrary to the rulings of all courts of appeals which have reached the

issue…."  In fact, the law the Court applied in determining that it lacked subject matter

jurisdiction over the Title VII claims against Restrepo is well-established and certainly not novel

or difficult.

Second, Plaintiff argues that "whether a Courts [sic] ruling can be hacked is under the

local rules is an issue of first impression."  (Doc. 98) at 5.  As noted above, the simple fact that

an issue may be one of first impression does not constitute a substantial ground for a difference

of opinion.  Moreover, whether the Court must hold hearings on motions based on Plaintiff's

speculative and unsupported assertion that Defendant is tampering with court orders and rulings

does not constitute a "novel and difficult" issue of first impression.  First, the Local Rules clearly

require that movants support factual allegations with evidence.  D.N.M. LR-Cv 7.3(b) ("Movant

must submit evidence, in the form of affidavits, deposition excerpts, or other documents, in

support of allegations of fact.").  Plaintiff has not done so with respect to his accusation that

Defendant tampers with orders and rulings.  Second, as the Court already held, it need only hold

hearings on motions if it finds good cause to so do.  D.N.M. LR-Cv 7.6(a) (Court decides

motions on briefs unless there is need for oral argument).  To date, without any evidence of actual tampering by Defendant, the Court has not found good cause to holding hearings on the motions filed in this case.  For the foregoing reasons, Plaintiff has failed to demonstrate a substantial ground for a difference of opinion.

> ### c.  Whether an Interlocutory Appeal Would Materially Advance the Litigation's Ultimate Termination

An immediate appeal materially advances the litigation's ultimate termination

> if it "would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly."  "When litigation will be conducted in substantially the same manner regardless of [the court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation."

*XTO Energy, Inc.*, 189 F.Supp. 3d at 1195 (citations omitted).

Plaintiff argues that a finding by the Court of Appeals that the Court has subject matter jurisdiction over the Title VII claims against Restrepo will materially advance the litigation. Plaintiff further argues that if the Court of Appeals finds that the Court must hold at least one hearing on the record, "that holding will simplify the issues to be resolved at the bench trial and possibly avoid the necessity of an appeal."  (Doc. 98) at 6.

These arguments fail for several reasons.  First, an appeal will not eliminate the need for a trial, because Plaintiff could possibly proceed to trial against Defendant Verizon Wireless, Inc. notwithstanding an appeal.  Second, an appeal would not necessarily simplify a trial by eliminating a complex issue.  Whether Restrepo remains a defendant or not, a trial will still focus on Plaintiff's alleged discrimination, an issue that could be fairly complex.  Third, an appeal would not eliminate issues to make discovery easier and less costly.  As with a trial, whether Restrepo is a defendant or not, discovery will continue to center on Plaintiff's alleged discrimination.  In other words, "litigation will be conducted in substantially the same manner

regardless of the" outcome of an appeal.  Plaintiff has, therefore, not shown that an immediate appeal from the Court's orders dismissing the claims against Restrepo will materially advance the ultimate termination of this litigation.

In sum, Plaintiff has not carried his burden of demonstrating that his requested appeal presents the extraordinary case where certification would be appropriate under Section 1292(b). Accordingly, the Court exercises its discretion to deny the Petition for Certification.

    *2.  The Requests for Award of Attorney's Fees and/or Costs*

Since the Court denies the Petition for Certification, Plaintiff is obviously not entitled to any award of costs.  Defendant, as the prevailing party on the Petition for Certification, moves for an award of attorney's fees and costs under 28 U.S.C. § 1927.

Section 1927 states:

> *Any attorney or other person admitted to conduct cases* in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Emphasis added.  The Court finds that Plaintiff's persistent and factually unsupported claim regarding Defendant's purported tampering with Court orders and rulings clearly is unreasonable and vexatious.  However, Section 1927 does not apply to *pro se* litigants, like Plaintiff, and "is available against only attorneys…."  *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1222 (10th Cir. 2006).  For this reason, the Court denies Defendant's request for an award of attorney's fees and costs.

    IT IS ORDERED that

1. "Plaintiff's Memorandum in Support of Combined Petition for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b) and Motions to Amend Order and Stay Proceedings Pending Appeal" (Doc. 98) is denied; and

2.  the parties' respective requests for an award of attorney's fees and/or costs are denied.

UNITED STATES DISTRICT JUDGE