# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CARL G. THYMES,

       Plaintiff,

v.                                       CV 16-66 KG/WPL

VERIZON WIRELESS, INC., and
CARLOS RESTREPO,

       Defendants.

## ORDER ON DISCOVERY MOTIONS

Pro se Plaintiff Carl Thymes and Defendant Verizon Wireless[1] have filed the following pretrial motions:

1. Defendant's motion to compel interrogatory responses (Doc. 100);

2. Defendant's motion to compel responses to requests for production (Doc. 101);

3. Defendant's motion to strike Plaintiff's "Notice of Compliance" (Doc. 112);

4. Defendant's motion for protective order and to quash subpoenas (Doc. 136);

5. Defendant's second motion to compel responses to discovery requests (Doc. 146); and

6. Plaintiff's motion for settlement conference (Doc. 153).

This Order will resolve these motions.

### MOTIONS TO COMPEL

Federal Rule of Civil Procedure 33, governing interrogatories to parties, provides that "interrogatories must be answered (A) by the party to whom they are directed; or (B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any

---

[1] Verizon Wireless was incorrectly identified. The Defendant's proper name is Cellco Partnership d/b/a Verizon Wireless. (Doc. 112 at 1.) However, I refer to the Defendant simply as "Verizon."

officer or agent, who must furnish the information available to the party." FED. R. CIV. P. 33(b)(1). Additionally, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." FED. R. CIV. P. 33(b)(3). A party objecting to an interrogatory must specify its grounds for the objection. FED. R. CIV. P. 33(b)(4); *e.g.*, *Doe v. Nat'l Hemophilia Found.*, 194 F.R.D. 516, 520 (D. Md. 2000). The "[m]ere recitation of [the] familiar litany that [an] interrogatory is overly broad, burdensome, oppressive, and irrelevant does not suffice as [a] specific objection." *Miller v. Pruneda* ("*Pruneda*"), 236 F.R.D. 277, 281 (N.D. W. Va. 2004) (quotation omitted). Any objection not raised or not raised with specificity is waived. *Id.* An incomplete or evasive answer is not considered an answer, but rather a failure to answer. *Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 212 (N.D. Ill. 2010) (citing FED. R. CIV. P. 37(a)(4)).

Rule 33(d) allows an answering party to refer to their own business records when the answer may be derived or ascertained from those records and "the burden of deriving or ascertaining the answer will be substantially the same for either party." FED. R. CIV. P. 33(d). Such an answer is "inappropriate where the interrogatory calls for 'the exercise of particular knowledge and judgment on the part of the responding party.'" *Ayers v. Cont'l Cas. Co.*, 240 F.R.D. 216, 226 (N.D.W.Va. 2007) (quoting *United Oil Co. v. Parts Assocs., Inc.*, 227 F.R.D. 404, 419 (D. Md. 2005)). However, the answering party must identify which documents are responsive with sufficient detail to allow the interrogating party to quickly identify those documents. *Id.* "If the pertinent documents do not contain all the [relevant] information[, the answering party] must provide substantive responses." *Id.* (citing FED. R. CIV. P. 33(d); *Martin v. Easton Publ'g Co.*, 85 F.R.D. 312, 315 (E.D. Pa. 1980)).

A party must either produce documents responsive to a request for production ("RFP") or "state with specificity the grounds for objecting to the request, including the reasons" and "state whether any responsive materials are being withheld on the basis of that objection." FED. R. CIV. P. 34(b)(2). As with interrogatories, general objections to a request for production are insufficient and will be overruled. *See Convertino v. U.S. Dep't of Justice*, 565 F. Supp. 2d 10, 12-13 (D.D.C. 2008).

Verizon served Interrogatories and RFPs on Thymes on December 8, 2017 (Doc. 100; Doc. 101), and on February 16, 2017 (Doc. 146). Thymes timely responded to the discovery requests. The parties conferred, in good faith, to resolve discovery disputes and to avoid motions practice. Prior to filing the motion to compel, Thymes gave Verizon approximately 1,200 pages of documents, but did not indicate which documents were responsive to which discovery requests. Verizon now seeks an order compelling responses to Interrogatory Nos. 2, 3, 6-8, 10, 13-15, 17-20 (Doc. 100), 24, and 25 (Doc. 146), and RFP Nos. 5-9, 12, 13, 16-21 (Doc. 101), and 23-25 (Doc. 146). Thymes was given additional time to file responses to the motions to compel.

**<u>Interrogatory No. 2</u>** asked Thymes to

Identify any report(s) or complaint(s) that Plaintiff made during his employment with Defendant that he was subjected to discrimination based on his race, including identifying the individual(s) to whom Plaintiff made the report(s) or complaint(s), the date on which the said report(s) or complaint(s) were made, and the substance of the report(s) or complaint(s).

(Doc. 100 Ex. 1 at 22.) Thymes responded by stating that "Plaintiff is still waiting for this information from the defendants Verizon Wireless, Inc. and the EEOC prior investigation which plaintiff has already requested." (*Id.*)

Thymes's answer is nonresponsive. The Interrogatory did not ask him to produce the reports, but merely to search his memory and files for such instances and provide information about any reports or complaints he made. Thymes is directed to answer the interrogatory to the best of his ability within ten days from the date of this Order. Thymes will also supplement his response as required by the Rules. Failure to timely respond to this Interrogatory and to comply with this Order may result in an adverse inference and the conclusion that Thymes made no such reports during his employment.

**Interrogatory No. 3** asked Thymes to

> Identify each and every physician or other health care provider or facility that you have visited, consulted or received treatment from for your emotional distress, and for each physician or other health care provider identified, state his or her address, occupation, area of specialization, if any; any medical institutions with which the person is presently associated or affiliated; any medical institutions with which the person was associated or affiliated while treating you, the date you first consulted that person or entity; the condition for which treatment was sought; the diagnosis that was rendered; the nature of the treatment rendered; and the cost of treatment.

(Doc. 100 Ex. 1 at 22.) Thymes responded by stating that "[t]his information is already in Defendants [sic] possession are [sic] you have requested the release to obtain it." (*Id.* at 23.)

This answer is not responsive. Thymes is required to affirmatively identify each health care provider he saw for his alleged emotional distress and to provide the requested information within ten days from the date of entry of this Order. Thymes is reminded of his obligation to supplement this response as required by the Rules. Failure to timely respond to this Interrogatory and to comply with this Order may result in an adverse inference and the conclusion that Thymes did not seek medical treatment, of any kind, for his alleged emotional distress.

**Interrogatory No. 6** asked Thymes to

> Please identify any person from whom you have obtained statements, whether written, oral, recorded in any format, regarding the subject matter of the

Complaint, including the name of each such person, contact information for each such person, the date each statement was obtained, a summary of each statement, the name of the person who took the statement on Plaintiff's behalf, and the name of the custodian of any such statements.

(Doc. 100 Ex. 1 at 24.) Thymes responded by stating, "Nathaniel Taylor Supervisor Deposition along with all the other Supervisors and Senior Managers plaintiff have requested from and have not yet been provided by Verizon Wireless, Inc. or the EEOC investigation." (*Id.*)

This answer is not responsive. The Interrogatory speaks to statements that Thymes has already obtained, not depositions he wishes to take. If Thymes has not obtained any responsive statements, he must so certify within ten days. If Thymes has obtained any responsive statements, he must fully respond to the Interrogatory within ten days from the date of entry of this Order. Failure to timely respond to the Interrogatory may result in an adverse inference, the conclusion that no such statements exist, or a prohibition on use of any of these statements at trial or during dispositive motions.

**Interrogatory No. 7** asked Thymes to

Please state the identity of any information source and all facts and information from such information sources that is known to Plaintiff that would support the allegations in Plaintiff's Complaint that as a result of Defendant's actions Plaintiff has suffered compensatory damages.

(Doc. 100 Ex. 1 at 24.) Thymes responded by stating that "Plaintiff will have questions all Supervisors and Security personnel and with HR people. Plaintiff has not been provided this information from Verizon Wireless, Inc. and the EEOC." (*Id.*)

This answer is not responsive. The Interrogatory asks Thymes to identify sources of information, and the facts and information, that would support his claims. Thymes is directed to fully respond to this Interrogatory, or to certify that no such information sources exist, within ten

days from the date of entry of this Order. Failure to timely respond to this Interrogatory may result in an adverse inference and the conclusion that no such sources of information exist.

**Interrogatory No. 8** asked Thymes to

Please state the identity of any information source and all facts and information from such information sources that is known to Plaintiff that would support the allegation in Plaintiff's Complaint that as a result of Defendant's actions Plaintiff suffered emotional distress.

(Doc. 100 Ex. 1 at 24.) Thymes responded by stating that "[t]his information is available already to plaintiff by the doctors and some of the discovery provided to plaintiff concerning the doctors he had seen." (*Id.*)

This answer is not responsive. The Interrogatory asks Thymes to identify sources of information, and the facts and information, that would support his claim of emotional distress. Thymes is directed to fully respond to this Interrogatory, or to certify that no such information sources exist, within ten days from the date of entry of this Order. Failure to timely respond to this Interrogatory may result in an adverse inference and the conclusion that no such sources of information exist.

**Interrogatory No. 10** asked Thymes to

List all e-mail accounts, Facebook, Twitter, or other social networking sites you have used to communicate with Defendants or any of its current or former employees, as well as those who are not affiliated or associated with Defendant, regarding this lawsuit or your claims, including the e-mail address, the name of the e-mail provider or social networking provider, and your account or screen name for each such account you identify.

(Doc. 100 Ex. 1 at 25.) Thymes responded by stating that "Plaintiff Does not mention Verizon Wireless, Inc. on social networking in a negative light ever. You are in possession of my email address, objection to providing social networks as not relevance [sic] to discovery." (*Id.*)

This answer is not responsive. While Thymes affirmatively states that he has never disparaged Verizon on social networking sites, this does not answer the Interrogatory. Within ten days from the date of entry of this Order, Thymes will fully respond to the Interrogatory and provide information on every account he used to communicate with Defendants or any current/former employees, or to otherwise communicate about this case or his claims.

**Interrogatory No. 13** asked Thymes to "[i]dentify all individuals who to your knowledge witnessed any alleged discrimination or harassment against you by Verizon and describe in detail what discriminatory activity you believe each individual observed." (Doc. 100 Ex. 1 at 26.) Thymes responded by stating, "[a]ll Senior Managers, Supervisors and Carlos Restrepo and HR for interviews, not being selected for Supervisor and hostile work environment." (*Id.*)

This answer is not responsive. Within ten days from the date of entry of this Order, Thymes will fully respond to the interrogatory, including a list of individuals he believes witnessed the alleged discrimination or harassment and the events that he believes those individuals witnessed. Thymes is again reminded of his continuing obligation to supplement discovery responses. Failure to fully and timely respond to this Interrogatory may result in an adverse inference and the conclusion that no individual witnessed the alleged discrimination or harassment.

**Interrogatory No. 14** asked Thymes to "[i]dentify all individuals who to your knowledge witnessed Verizon's alleged failure to promote you in favor of less qualified applicants, and all individuals with whom you have discussed the same." (Doc. 100 Ex. 1 at 26.) Thymes responded by stating, "[p]lease see answer to no. 13." (*Id.*)

This answer is not responsive. Within ten days from the date of entry of this Order, Thymes will fully respond to the interrogatory, including a list of individuals he believes witnessed the alleged failure to promote. Thymes is again reminded of his continuing obligation to supplement discovery responses. Failure to fully and timely respond to this Interrogatory may result in an adverse inference and the conclusion that no individual witnessed the alleged failure to promote.

**Interrogatory No. 15** asked Thymes to "[i]dentify all individuals who to your knowledge witnessed Verizon's alleged racially hostile work environment, and all individuals with whom you have discussed the same." (Doc. 100 Ex. 1 at 27.) Thymes responded by stating that "Defendants have not provided plaintiff with a list of the employee [sic] to chose [sic] from." (*Id.*)

This answer is not responsive. Thymes was asked to provide a list of individuals he believes witnessed the allegedly hostile work environment and anyone with whom he has discussed the allegedly hostile work environment. Thymes is directed to fully respond to this Interrogatory within ten days from the date of entry of this Order. Failure to fully and timely respond may result in an adverse inference and the conclusion that no individual witness the allegedly hostile work environment and that he did not discuss the allegedly hostile work environment with anyone.

**Interrogatory No. 17** asked Thymes to "[i]dentify all individuals at Verizon with whom you discussed or reported the discrimination, harassment and retaliation to which you were allegedly subjected, and all individuals who to your knowledge witnessed the discussions or reports to Verizon." (Doc. 100 Ex. 1 at 27.) Thymes responded by stating that "Plaintiff is

waiting for Verizon to provide the emails concerning his request for discovery. Also the investigation done by the EEOC." (*Id.*)

This answer is not responsive. Thymes was asked to provide a list of individuals with whom he discussed or reported the alleged discrimination, harassment, and retaliation, and a list of individuals he believes witnessed the discussions or reports. Thymes will fully respond to this Interrogatory within ten days from the date of entry of this Order. Failure to fully and timely respond may result in an adverse inference and the conclusion that Thymes did not discuss or report the alleged discrimination, harassment, and retaliation with or to anyone, and that no person witnessed the discussions or reports.

**Interrogatory No. 18** asked Thymes

If you contend that you are better qualified than other applicants for any job position(s) for which you were denied promotion, please identify all documents that support, evidence, refer or relate to your contention that you were more qualified than other applicants for any position(s) for which you contend you were denied promotion.

(Doc. 100 Ex. 1 at 27-28.) Thymes responded by stating that "Plaintiff is still waiting on Verizon Wireless to provide the interview packages that Plaintiff has already given to them concerning the Supervisor Positions he applied for from 2014 to 2015." (*Id.* at 28.)

This answer is not responsive. Thymes was asked to identify any documents that support his claim that he was more qualified than other applicants for any of this positions for which he was allegedly denied promotion. Within ten days from the date of entry of this Order, Thymes will fully respond to the Interrogatory. Failure to fully and timely respond may result in an adverse inference and the conclusion that no such documents exist.

**Interrogatory No. 19** asked Thymes to "[p]lease list and describe in detail the qualifications and experience you possess which you contend demonstrates or evidences that you

were the most qualified applicant for the positions for which you contend you were denied promotion." (Doc. 100 Ex. 1 at 28.) Thymes responded by stating "Plaintiff see answer to number 18." (*Id.*)

This answer is not responsive. Thymes was asked to identify the qualifications and experiences that he believes demonstrate that he was the most qualified applicant. He cannot rest on an interview package that was provided during the interview period, many months ago. Within ten days from the date of entry of this Order, Thymes will fully respond to this Interrogatory. Failure to fully and timely respond may result in an adverse inference.

**Interrogatory No. 20** asked Thymes to "[p]lease state the identity of any information source and all facts and information from such information sources that is known to Plaintiff that would support the allegation in Plaintiff's Complaint that you were discriminated against in violation of Title VII." (Doc. 100 Ex. 1 at 28.) Thymes responded by stating "[p]lease see answer to number 18." (*Id.*)

This answer is not responsive. Thymes was asked to identify the sources of information and underlying facts that would support his allegation of discrimination in violation of Title VII. It is unclear how an interview package is responsive to this Interrogatory, nonetheless, he cannot rest on an interview package that was provided during the interview period, many months ago. Within ten days from the date of entry of this Order, Thymes will fully respond to this Interrogatory. Failure to fully and timely respond may result in an adverse inference.

**Interrogatory No. 24** asked Thymes

If you claim you were harassed during your employment with Verizon, describe and explain in detail, including providing the date of each instance, where it occurred, who was present and exactly what was said or done, each time and every time you suffered discriminatory intimidation, ridicule, and insult during your employment with Verizon.

(Doc. 146 Ex. 1 at 15.) Thymes responded by stating "Plaintiff Objects to this interrogatory as it seeks information that Plaintiff will use to impeach witness testimony and is privilege [sic] with respect to preparation for trial." (*Id.*)

This answer is not responsive. While trial strategy is not subject to disclosure, the facts of the case are available for discovery. This Interrogatory asks Thymes to describe the instances that he believes constitute harassment. It is unclear, and Thymes did not articulate reasons, why this information would be privileged in any way. Thymes's objections are overruled. Within ten days from the date of entry of this Order, Thymes will fully respond to the Interrogatory. Failure to fully and timely respond may result in an adverse inference and a conclusion that no such instances occurred.

**Interrogatory No. 25** asked Thymes to "[p]lease describe in detail any statements you allege Verizon disclosed or made public that caused actual injury to your reputation, including what exactly was disclosed or published, by whom, and the date it was published or disclosed." (Doc. 146 Ex. 1 at 15.) Thymes responded by stating "Plaintiff Objects to this interrogatory as it seeks information that Plaintiff will use to impeach witness testimony and is privilege [sic] with respect to preparation for trial." (*Id.*)

This answer is not responsive. While trial strategy is not subject to disclosure, the facts of the case are available for discovery. This Interrogatory asks Thymes to describe statements that allegedly injured his reputation. It is unclear, and Thymes did not articulate reasons, why this information would be privileged in any way. Thymes's objections are overruled. Within ten days from the date of entry of this Order, Thymes will fully respond to the Interrogatory. Failure to fully and timely respond may result in an adverse inference and a conclusion that no such statements were disclosed or made public.

**RFP No. 5** asked Thymes to produce "[a]ll documents related to your claim for damages and the methods used to calculate such alleged damages." (Doc. 101 Ex. 1 at 22.) Thymes responded by stating that "[t]hese documents are still being provided by your discovery of the doctors that you requested." (*Id.*)

While Thymes subsequently provided some explanation of his damages calculation, it does not appear that he provided documentation supporting those claims. Within ten days from the date of entry of this Order, Thymes will provide responsive documents or will specifically indicate and identify which of the 1,200 pages he provided to Verizon respond to this RFP. Failure to timely and fully respond may result in an adverse inference and the conclusion that no documents support the claim for damages or the damages calculation.

**RFP No. 6** asked Thymes to produce "[a]ll documents you intend to use to support any of your claims and/or to oppose any of Defendant's defenses in this case." (Doc. 101 Ex. 1 at 22.) Thymes responded by stating "[s]ame as number 1 answer." (*Id.* ("Discovery is incomplete as Plaintiff has filed motions to compel answers to Interrogatories, Production of Documents as request for Admissions. There will be more Documents in anticipation of more discovery you the defendants." (*Id.* at 21)).)

This answer is nonresponsive and nonsensical. Within ten days from the date of entry of this Order, Thymes will fully respond to the RFP and will produce or specifically identify the documents that he alleges support his claims or undermine the defenses in this matter. Failure to fully and timely respond may result in an adverse inference and the conclusion that no responsive documents exist.

**RFP No. 7** asked Thymes to produce "[a]ll documentation of any communication between you and any current or former employee, manager, or agent of Defendant, or anyone

12

known or believed by you to have been acting under the authority of Defendant, from June 2014 through the present related to the claims and allegations of your Complaint." (Doc. 101 Ex. 1 at 22.) Thymes responded by stating that "[t]hese documents are being sort form the EEOC and plaintiff will provide those when the EEOC give them to him." (*Id.*)

This answer is nonresponsive and nonsensical. Within ten days from the date of entry of this Order, Thymes will fully respond to the RFP and will produce or specifically identify the documents that contain responsive communications. Failure to fully and timely respond may result in an adverse inference and the conclusion that no documented communications exist.

**RFP No. 8** asked Thymes to produce "[a]ll documents related to communications between you and any employee, or anyone known or believed by you to have been acting under the authority of Defendant, related to the claims and allegations of your Complaint." (Doc. 101 Ex. 1 at 22.) Thymes responded by stating that "[t]hese documents is still being sort in the motion to compel additional discovery such as email, Hiring packages, etc.." (*Id.*)

This answer is nonresponsive and nonsensical. Within ten days from the date of entry of this Order, Thymes will fully respond to the RFP and will produce or specifically identify the documents that contain responsive communications. Failure to fully and timely respond may result in an adverse inference and the conclusion that no documented communications exist.

**RFP No. 9** asked Thymes to produce "[a]ll documents received or obtained by any means from any third party, including via subpoena, which refer or relate in any way to Defendant and/or the subject matter of this case." (Doc. 101 Ex. 1 at 22.) Thymes responded by stating "[s]ame answer as number 1." (*Id.* (*see supra*, RFP No. 6).)

This answer is nonresponsive. Within ten days from the date of entry of this Order, Thymes will fully respond to the RFP and will produce or specifically identify the documents

that contain responsive material. Failure to fully and timely respond may result in an adverse inference.

**RFP No. 12** asked Thymes to produce

> Complete records from each doctor, psychiatrist, psychologist, medical or health care provider, social worker or mental health professional that you have identified in your responses to Interrogatories as someone consulted or seen in connection with any pain and suffering, emotional distress, mental anguish, or other injuries you allege you experienced as a result of the conduct alleged in the Complaint.

(Doc. 101 Ex. 1 at 23.) Thymes responded by stating that "[t]he defendants is still processing this information and have not provided all to plaintiff." (*Id.*)

This answer is nonresponsive and nonsensical. Within ten days from the date of entry of this Order, Thymes will fully respond to the RFP and will produce or specifically identify the documents that contain responsive medical records. Failure to fully and timely respond may result in an adverse inference and the conclusion that no responsive records exist.

**RFP No. 13** asked Thymes to produce "[a]ll documents containing any communication between you and any federal, state, or local government agency, bureau, commission, or department, which (1) refers or related to your employment with Defendant, (2) involves Defendant and/or its employees, or (3) relates to the subject matter of this litigation." (Doc. 101 Ex. 1 at 23.) Thymes responded by stating that "[t]hese documents are already in the defendants possession such as the EEOC complaint and state complaint." (*Id.*)

Within ten days from the date of entry of this Order, Thymes will supplement this response or will certify that the response is complete, certify that he has provided the EEOC and state files to Verizon, and will specifically identify any other documents that he intended to include by stating that "[t]hese documents" are already in Verizon's possession.

**RFP No. 16** asked Thymes to produce "[a]ll documents relating to your allegations of discrimination, retaliation, and failure to promote, including but not limited to, all communications between you and Verizon's Human Resources Department regarding these allegations." Thymes responded by stating that "[t]he defendants have not produce this information to plaintiff and are in direct possession of it already." (*Id.*)

This answer is nonresponsive and nonsensical. Within ten days from the date of entry of this Order, Thymes will fully respond to the RFP and will produce or specifically identify the documents that contain responsive information or communications. Failure to fully and timely respond may result in an adverse inference and the conclusion that no documents or documented communications exist.

**RFP No. 17** asked Thymes to produce "[a]ll documents which reflect or in any way relate to any conversations or other communications between or among you or your agents and any potential witness in this action, regarding any matter at issue in this case." (Doc. 101 Ex. 1 at 24.) Thymes responded by stating that "Plaintiff has presented this information is his request for admissions with respect to all doctors Depositions. The defendants already have the name of these people. If not, they are available in Plaintiff additional request for admissions." (*Id.*)

This answer is nonresponsive and nonsensical. Within ten days from the date of entry of this Order, Thymes will fully respond to the RFP and will produce or specifically identify the documents that contain responsive communications. Failure to fully and timely respond may result in an adverse inference and the conclusion that no documented communications exist.

**RFP No. 18** asked Thymes to produce

All written statements and other documentation that you and/or your agents have in your/their possession which relate to or reflect any admissions or statements against interest made by any party to this action, including all statements (as that term is used in Fed. R. Civ. P. 26(b)(3)) that were previously made by Defendant

and/or any of its present or former directors, executives, officers, or employees, concerning this action or its subject matter.

(Doc. 101 Ex. 1 at 24.) Thymes responded by stating that "[t]hese information is currently being sort from the EEOC and will be provided to defendants. But the information should already be in your possession already from the EEOC complaint." (*Id.*)

This answer is nonresponsive. The RFP asks for statements and documents within Thymes's possession, therefore it is insufficient to state that Verizon already possesses these documents. Within ten days from the date of entry of this Order, Thymes will fully respond to the RFP and will produce or specifically identify the documents that contain responsive information. Failure to fully and timely respond may result in an adverse inference and the conclusion that no such documents exist.

**RFP No. 19** asked Thymes to produce "[a]ll documents relating to your job performance during your employment with Defendant, including but not limited to, any performance evaluations and any communications with any person relating to your job performance." (Doc. 101 Ex. 1 at 24-25.) Thymes responded by stating that "[t]he Defendants Verizon Wireless, Inc. has not provided this information to plaintiff. Plaintiff is currently requesting this information through motions to compel." (*Id.* at 25.)

This answer is nonresponsive. Within ten days from the date of entry of this Order, Thymes will fully respond to the RFP and will produce or specifically identify the documents that contain responsive communications. If Thymes does not possess responsive documents, he will so certify within ten days. Failure to fully and timely respond may result in an adverse inference.

**RFP No. 20** asked Thymes to produce

> All documents relating to your allegations regarding employment promotions at Verizon after your employment at Verizon began, including, but not limited to, all communications between you and any current or former Verizon employee or agent relating to employment promotions and any requests or applications submitted by you for employment promotions or positions at Verizon.

(Doc. 101 Ex. 1 at 25.) Thymes responded by stating "[t]he Defendants Verizon Wireless, Inc. has not provided this information to plaintiff. Plaintiff is currently requesting this information through motions to compel." (*Id.*)

This answer is nonresponsive. Within ten days from the date of entry of this Order, Thymes will fully respond to the RFP and will produce or specifically identify the documents that contain responsive information or communications. If Thymes does not possess responsive documents, he will so certify within ten days. Failure to fully and timely respond may result in an adverse inference.

**RFP No. 21** asked Thymes to produce "[a]ll documents identified in response to Defendant's Interrogatory No. 18, which support, evidence, refer or relate to your contention that you were more qualified than other applications for any position(s) for which you contend you were denied promotion." (Doc. 101 Ex. 1 at 25.) Thymes responded by stating "[t]he Defendants Verizon Wireless, Inc. has not provided this information to plaintiff. Plaintiff is currently requesting this information through motions to compel." (*Id.*)

This answer is nonresponsive. Within ten days from the date of entry of this Order, Thymes will fully respond to the RFP and will produce or specifically identify the documents that contain responsive information. If Thymes does not possess responsive documents, he will so certify within ten days. Failure to fully and timely respond may result in an adverse inference.

**RFP No. 23** asked Thymes to "[p]roduce copies of any documents regarding your training, education, or experience, including any certificate, degrees, diplomas or other evidence of such training, education, or experience." (Doc. 146 Ex. 1 at 22.) Thymes responded by stating "Plaintiff objects to this RPD as oppressive, and costly furthermore all this information is in the defendant hands with respect to the interview package. Plaintiff further objects that this information is privilege and will be used for impeachment purposes at trial." (*Id.*)

It is unclear how a discovery request targeted at Thymes's educational and professional qualifications could be considered oppressive, and Thymes does not advance the argument beyond this blanket statement. Additionally, Thymes may not rest on an interview package submitted many months ago. Thymes failed to articulate what privilege could possibly exist in documents regarding his training, education, or experience. This information goes to the heart of his claim that he was more qualified than other candidates. The objections are overruled.

Within ten days from the date of entry of this Order, Thymes will produce responsive documents or specifically identify which documents contain responsive information. If Thymes does not have responsive documents, he will so certify within ten days. Failure to fully and timely respond may result in an adverse inference and the conclusion that Thymes cannot prove any of his alleged qualifications.

**RFP No. 24** asked Thymes to "[p]roduce copies that show any income you have received, no matter the source, from January 2014, to the present." (Doc. 146 Ex. 1 at 22.) Thymes responded by stating "that he has work for no other employer beside Verizon Wireless, Inc. since December 15, 2006 to present. Therefore, defendants are in procession of all of plaintiff payroll records. Plaintiff states he has no objection to defendants obtaining this information as long as it is share with plaintiff for truthfully." (*Id.*)

While unconventional, I take this response to mean that Thymes had no other sources of income during the relevant period. To the extent that Thymes received income from Verizon, I agree that those records are most easily within Verizon's control. To the extent that this interpretation is correct, the motion to compel is denied and Thymes will certify, within ten days, that he had no additional sources of income during the relevant period. Failure to do so will result in my granting the motion to compel on this point.

**RFP No. 25** asked Thymes to "[p]roduce a copy of your federal and state income tax returns for 2014 through the present." (Doc. 146 Ex. 1 at 23.) Thymes responded by stating "Plaintiff objects that this is privilege information and will not lead to further discovery that can be presented at trial." (*Id.*) Thymes later supplemented and provided his 2015 and 2016 tax returns. (Doc. 146 at 3.)

Tax returns contain deeply sensitive information. Verizon failed to articulate why the 2014 tax returns are necessary or discoverable in this matter. The motion to compel on this point is denied at this time. Within five days from the date of entry of this Order, Verizon may provide an argument as to why the 2014 tax return is discoverable and proportional. Thymes will then have five to days to respond. No reply will be allowed.

MOTION TO STRIKE

Verizon also filed a motion to strike Thymes's "Notice of Compliance" (Doc. 111), pursuant to Federal Rule of Civil Procedure 12(f)(2). (Doc. 112.) Rule 12(f)(2) states that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."

The "Notice of Compliance" is not a pleading. While I agree with Verizon that the Notice is not strictly allowed by the Federal or Local Rules, Rule 12(f)(2) does not provide a vehicle for striking nonconforming notices, motions, or documents other than pleadings. Additionally, Verizon suffered no prejudice by Thymes's filing of the Notice.

The motion to strike is denied.

### MOTION TO QUASH AND FOR PROTECTIVE ORDER

Next, Verizon filed a motion to quash subpoenas and for protective order. (Doc. 136.) After I denied Thymes's motions to compel (*see* Doc. 116), Thymes served subpoenas on several Verizon employees—fact witnesses—instructing them to bring certain documents to their depositions. The subpoena to Rico Javier, Senior Manager, instructed him to

> bring . . . to the deposition the following documents, electronically stored information, or objects, and . . . permit inspection, copying, testing or sampling of the material: Interview Packages you participated in denying Carl G Thymes a Promotion, all awards that Carl G Thymes got while on your team as Acting Supervisor, Email pretending to Any complaint of Discrimination presented by Carl G Thymes. A complete list of Supervisor promoted instead of Mr. Carl G Thymes beginning February 13, 2013 to present.

(Doc. 136-1 at 12.) The subpoenas to Terri Decker, Human Resources Manager, Narinder Graywal, Senior Manager, and Carlos Restrepo, Call Center Director, instructed them to

> bring . . . to the deposition the following documents, electronically stored information, or objects, and . . . permit inspection, copying, testing or sampling of the material: Interview Packages you or Human Resources personnel participated in denying Carl G Thymes a Promotion, all the investigation that Carl G Thymes got while on your team was investigating from 2006 to Present, Email pretending to Any complaint of Discrimination presented by Carl G Thymes. A complete list of Supervisor promoted instead of Mr. Carl G Thymes beginning February 13, 2013 to present. All the action you department took to insure Justice and Verizon Wireless, Inc. Policies were adhere to concerning Mr. Carl G Thymes Employment with Verizon Wireless, Inc.

(*Id.* at 14; *id.* at 16; *id.* at 18.)

This is substantially the same information that Thymes sought in his motions to compel. It is worth noting that the motions to compel were denied on multiple procedural bases, rather than on the merits. Nonetheless, Thymes may not circumvent party-based discovery to obtain discoverable material from nonparty fact witnesses. Javier, Decker, Graywal, and Restrepo are fact witnesses, not Rule 30(b)(6) witnesses who speak for Verizon.

The motion to quash and for protective order is granted-in-part. Thymes may still depose the Verizon fact witnesses, but must do so within fourteen days from the date of entry of this Order. The motion to quash and for protective order is granted to the extent that the fact witnesses are not required to testify or produce documents as 30(b)(6) witnesses. The fact witnesses will, however, produce and bring with them to their depositions any responsive documents within their control.

## MOTION FOR SETTLEMENT CONFERENCE

Thymes filed a renewed motion for a settlement conference. (Doc. 153.) I previously held a status conference with the parties to discuss setting a settlement conference. (*See* Doc. 147.) At the status conference, defense counsel informed me that she would like to wait until the pending discovery motions have been resolved before setting a settlement conference, and would also like to file a dispositive motion. Both of those things have now happened. As I mentioned to the parties at the status conference, I generally do not compel parties to attend a settlement conference. With that in mind, I deny Thymes's motion.

If the parties agree that they would like a settlement conference, they may jointly contact chambers, at which time I will set another status conference to pick a mutually agreeable date.

## COSTS AND FEES

Both sides seek their attorney's fees and costs incurred in responding to the discovery motions. Thymes did not prevail on any of the motions and is not entitled to fees or costs. Verizon appears to request fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

Rule 37(a)(5)(A) states that, when a motion to compel has been filed and granted, or the requested discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Such an order would be inappropriate if the movant failed to attempt to obtain disclosure without court action, the nondisclosure was substantially justified, or other circumstances exist making an award unjust.

I have granted and granted-in-part Verizon's motions to compel. The record is clear that the parties conferred in good faith before filing the motions to compel. Thymes advanced no argument other than that his discovery responses were, in fact, satisfactory. Thymes is hereby **ORDERED TO SHOW CAUSE**, in writing, why he should not be required to pay Verizon's reasonable expenses, including attorney's fees, for the portions of the motions to compel that I have granted. Thymes will submit his explanation no later than **April 21, 2017, at 5:00 p.m.** Thymes shall submit his explanation by fax at (505) 348-2305.

## CONCLUSION

As explained above, Verizon's first motions to compel (Docs. 100, 101) are granted and the second motion to compel (Doc. 146) is granted-in-part. Thymes will supplement and respond, in full, to the discovery requests within ten days from the date of entry of this Order. Failure to comply may result in serious adverse consequences, including negative inferences

about the existence of documentation. The motion to strike (Doc. 112) is denied. The motion to quash and for protective order (Doc. 136) is granted-in-part. Thymes's motion for settlement conference (Doc. 153) is denied. No later than 5:00 p.m. on April 21, 2017, Thymes will show cause, in writing, why he should not be required to pay Verizon's expenses and fees incurred in bringing the motions to compel.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.