# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CARL G. THYMES,

    Plaintiff,

v.                                            CV 16-66 KG/WPL

VERIZON WIRELESS, INC., and
CARLOS RESTREPO,

    Defendants.

**ORDER**

Pro se Plaintiff Carl Thymes submitted his response (Doc. 158) to my order to show cause why he should not be required to pay Verizon Wireless's fees and costs associated with their motions to compel (Doc. 156). Thymes did not present any cognizable argument as to why he should not be required to pay Verizon's reasonable costs and fees.

Thymes was put on notice in my Order of April 13, 2017, that he would be required to pay Verizon's fees and costs associated with the motions to compel pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), unless he showed cause why such payment would be inappropriate. (*Id.*)

The Rule 37(a)(5)(A) standard is clear and mandatory: when a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The court is required to award fees and costs unless: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the

opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

In *Villa v. Dona Ana Cty.*, 500 F. App'x 790 (10th Cir. 2012) (unpublished), the court upheld an award of attorney's fees and expenses under Rule 37(a)(5)(A) when the movant made two follow-up requests for complete responses and the district court determined that the proffered objections to discovery requests were without merit. *Id.* at 792. Similarly, in *Walker v. THI of New Mexico at Hobbs Ctr.*, 275 F.R.D. 332 (D.N.M. 2011), Judge Browning awarded two-thirds of the claimed attorney's fees under Rule 37(a)(5)(A) after granting most of the movant's requests and finding that approximately a third of the nonmovant's nondisclosures or responses were substantially justified. *Id.* at 338.

In this case, I granted in full Verizon's first two motions to compel (Docs. 100, 101) and granted-in-part the next motion to compel (Doc. 146). Thymes had an opportunity to be heard in the form of a written response. Given that the motions to compel were granted as explained above and Thymes had an opportunity to respond, I must award Verizon its expenses and attorney's incurred in making the motions to compel unless one of the statutory exceptions applies.

The statutory exceptions do not apply. As noted in the original order on discovery motions, Verizon attempted, in good faith, to resolve these matters without court involvement. Additionally, Thymes's nondisclosure and responses were not substantially justified. Moreover, Thymes did not argue that his failure to make adequate responses was substantially justified. Finally, Thymes did not argue—and I do not see—any other circumstances that make an award of expenses unjust.

Because the motions to compel were granted and granted-in-part, Thymes has had an opportunity to be heard, and none of the exceptions apply, I am required to award Verizon its reasonable expenses, including attorney's fees, associated with the motions to compel. FED. R. CIV. P. 37(a)(5)(A). Accordingly, I grant Verizon's request for fees and costs. Verizon shall within fifteen days file a motion for attorney's fees and costs incurred in bringing the motions to compel that were granted (Docs. 100, 101), and the portions of the latter motion to compel that were granted (Doc. 146). I note that Rule 37(a)(5)(A) does not apply, by its terms, to motions for protective order or motions to strike. Thus Verizon may not include in its motion any time expended on the motion to strike (Doc. 112) or the motion for protective order and to quash (Doc. 136). Because billing records can contain privileged information, the motion shall include affidavits from counsel and redacted time records to support the request. Thymes may file a response as provided by Local Rule 7.4(a). D.N.M.LR-Civ. 7.4(a).

IT IS SO ORDERED.

*[signature: William P. Lynch]*
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.