IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARL GENE THYMES,

    Plaintiff,

vs.                                                           Civ. No. 16-66 KG/WPL

VERIZON WIRELESS, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon *pro se* Plaintiff's "Notice of Motion and Motion for Continuance to Oppose Summary Judgment Motion by Verizon Wireless, Inc Under Rule 56(D)(F) Relief and Affidavit (Docs 154, 153, 135, 139)" (Motion for Continuance), filed on April 6, 2017. (Doc. 155). Defendant filed a response on April 20, 2017, and Plaintiff filed a reply on April 27, 2017. (Docs. 160 and 163). Having considered the Motion for Continuance and the accompanying briefing, the Court grants the Motion for Continuance in part, as described below.

*A. Background*

In February 2017, Plaintiff served deposition subpoenas on Carlos Restrepo, Narinder Graywal, Terri Decker, and Rico Javier. (Doc. 155) at 6-13. On March 1, 2017, Defendant moved to quash the subpoenas. (Doc. 136). Then, on April 3, 2017, Defendant filed a motion for summary judgment. (Doc. 154).

Three days later, Plaintiff filed his Motion for Continuance pursuant to Fed. R. Civ. P. 56(d) seeking (1) a continuance to respond to the motion for summary judgment, (2) denial of the motion for summary judgment, and (3) an award of attorney's fees. Plaintiff based his

Motion for Continuance on the fact that the Magistrate Judge had yet to rule on the motion to quash the subpoenas and that Plaintiff needs the deposition testimony to respond to the motion for summary judgment.[1]

On April 13, 2017, the Magistrate Judge ruled on the motion to quash subpoenas. The Magistrate Judge held that

> Thymes may still depose the Verizon fact witnesses, but must do so within fourteen days from the date of entry of this Order. The motion to quash and for protective order is granted to the extent that the fact witnesses are not required to testify or produce documents as 30(b)(6) witnesses. The fact witnesses will, however, produce and bring with them to their depositions any responsive documents within their control.

(Doc. 156) at 21. In light of this Order, Defendant states in its response to the Motion for Continuance that it does not oppose Plaintiff's request to depose the witnesses, but does oppose Plaintiff's request to deny the motion for summary judgment and for an award of attorney's fees. Defendant requests that the Court set a deadline for Plaintiff to respond to the motion for summary judgment after Plaintiff has conducted the depositions and that it be allowed time to file a reply in support of the motion for summary judgment.

In Plaintiff's reply in support of his Motion for Continuance, Plaintiff notes that the depositions have taken place. Plaintiff complains, however, that the deponents did not bring responsive documents to the depositions, including Interview Guides. Plaintiff, therefore, seeks sanctions against Defendant for violating the Magistrate Judge's April 13, 2017, Order.

*B. Discussion*

Although Plaintiff complains that the deponents did not bring responsive documents to the depositions as required by the Magistrate Judge, Plaintiff has not shown that any of those documents, including the Interview Guides, were within the control of the deponents. Without

---

[1] Plaintiff attached an affidavit to that effect as required by Rule 56(d). (Doc. 155) at 19-20.

that showing, the Court cannot conclude that Defendant or the deponents violated the Magistrate Judge's April 13, 2017, Order. The Court, therefore, denies Plaintiff's request for sanctions.

To further the interest of justice in deciding motions on the merits, the Court also denies Plaintiff's request to simply deny the motion for summary judgment. Additionally, the Court denies Plaintiff's request for attorney's fees, because (1) Plaintiff is not an attorney, and (2) Plaintiff does not provide any legal authority to support an award of fees or costs. *See* D.N.M. LR-Cv 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced.").

Now that the depositions have been completed and Defendant does not oppose Plaintiff's request for a continuance to respond to the motion for summary judgment, the Court grants Plaintiff's request for additional time to respond to the motion for summary judgment. Plaintiff will have fourteen days from the entry of this Memorandum Opinion and Order to respond to the motion for summary judgment and Defendant will have fourteen days to reply.

IT IS ORDERED that

1. the "Notice of Motion and Motion for Continuance to Oppose Summary Judgment Motion by Verizon Wireless, Inc Under Rule 56(D)(F) Relief and Affidavit (Docs 154, 153, 135, 139)" (Doc. 155) is granted in part;

2. Plaintiff's requests for sanctions, denial of the motion for summary judgment, and an award of attorney's fees are denied;

3. Plaintiff may file a response to the motion for summary judgment within fourteen days of the entry of this Memorandum Opinion and Order; and

4. Defendant may file a reply within fourteen days of the filing of Plaintiff's response.

_____
UNITED STATES DISTRICT JUDGE